EXHIBIT

ONE

Case 2:06-cv-07649-TPG   Document 13-2   Filed 04/19/2007   Page 2 of 8
09/22/06  15:48 FAX
Case 1:06-cv-07649-RCC   Document 1   Filed 09/22/2006   Page 1 of 7

CHALOS, O'CONNOR & DUFFY LLP
Attorneys for Plaintiff,
GEB SHIPPING CO., LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GEB SHIPPING CO., LTD.

                        Plaintiff,

     v.

EMMSONS INTERNATIONAL LTD.

                       Defendant.
-----------------------------------------------------------x

RECEIVED SEP 22 2006 U.S.D.C. S.D.N.Y. CASHIERS

JUDGE CASEY

06 CV 7649

06 CIV.

VERIFIED COMPLAINT

Plaintiff, GEB SHIPPING CO., LTD., by its attorneys, Chalos, O'Connor & Duffy LLP, as and for its Verified Complaint against Defendant, EMMSONS INTERNATIONAL LTD., alleges upon information and belief as follows:

### JURISDICTION

FIRST:        The Court has subject matter jurisdiction because the complaint sets forth an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

### THE PARTIES

SECOND:        At all times material hereto, the Plaintiff, GEB SHIPPING CO., LTD. (hereinafter "GEB SHIPPING"), was and still is a foreign corporation or other business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principal place of business in Cyprus.

THIRD: The Plaintiff, GEB SHIPPING, was at all material time the owner of an ocean-going cargo vessel known as the M/V EVANGELOS L, and GEB SHIPPING charters the M/V EVANGELOS L to others for the carriage of cargo in exchange for payments of freight and/or hire.

FOURTH: Upon information and belief, and at all times hereto, the Defendant, EMMSONS INTERNATIONAL LTD. (hereinafter "EMMSONS"), was and still is a foreign corporation or other business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principal place of business in New Delhi, India.

FIFTH: The Defendant is a trading company that is mainly engaged in the export of grain and rice from India to West Africa.

SIXTH: Pursuant to a charter-party dated October 30, 2002, defendant, EMMSONS chartered the vessel M/V EVANGELOS L from GEB SHIPPING for a time charter trip as provided in the charter party in consideration of payment of hires. The vessel in the event was used for the carriage of bulk grains from Kandla, India to Hodeidah, Yemen.

SEVENTH: The charter-party dated October 30, 2002 is a maritime contract.

EIGHTH: During the course of the charter-party for the vessel M/V EVANGELOS L, defendant, EMMSONS, breached the charter-party by, among other things, failing to pay the balance of the final hire statement, transporting a cargo other than the cargo designated by the charter-party dated October 30, 2002, and failing to pay an additional war risk premium for the voyage to Yemen.

NINTH: In accordance with the terms and conditions of the charter-party dated October 30, 2002, GEB SHIPPING initiated arbitration proceedings against EMMSONS in London, England seeking to recover damages for breach of the charter-party. EMMSONS fully participated in the arbitration proceeding.

TENTH: On February 17, 2005, the panel of maritime arbitrators in London awarded Plaintiff GEB SHIPPING US$129,250.47 and €30,000.00 (or US$39,087.00), plus interest and costs.

ELEVENTH: The February 17, 2005 award requires EMMSONS to pay interest on the award of US$129,250.47 at the rate of 6.00% per annum compounded every three months from January 15, 2003 until the date of payment. The award further requires EMMSONS to pay interest on the award of €30,000.00 (or US$39,087.00) at the rate of 4.25% per annum compounded every three months from March 27, 2003 until the date of payment.

TWELFTH: On January 17, 2006, the panel of maritime arbitrators in London awarded costs to Plaintiff GEB SHIPPING in the amount of €35,000.00 (or US$42,455.00), £54,414.72 (or US$96,308.61) and £3,560.00 (or US$6,300.84).

THIRTEENTH: The January 17, 2006 award requires EMMSONS to pay interest on the award of €35,000.00 (or US$42,455.00) at the rate of 4.00% per annum compounded every three months from February 17, 2005 until the date of payment. The award further requires EMMSONS to pay interest on the award of £54,414.72 (or US$96,308.61) at the rate of 6.75% per annum compounded every three months from February 17, 2005 until the date of payment. The award further requires EMMSONS to pay interest on the award of £3,560.00 (or US$6,300.84) at the rate of 6.75% per annum compounded every three months from January 17, 2006 until the date of payment.

FOURTEENTH: Defendant EMMSONS in abrogation of its obligations under the charter-party, has not paid the arbitration award.

FIFTEENTH: Accounting for the interest that was granted in the two above referenced arbitration awards, the total amount due and owing to plaintiff is US$365,427.17.

SIXTEENTH: The above-mentioned arbitration award has not yet been reduced to a judgment in the High Court of Justice in London, England or by a U.S. District Court.

## PRAYER FOR RELIEF

SEVENTEENTH: Notwithstanding the fact that the liability of defendant, EMMSONS, to plaintiff, GEB SHIPPING, has been determined by a panel of maritime arbitrators in London, England, there are now, or will be during the pendency of this action, certain assets belonging to the defendant, including among other things, payments for goods or services and the like being made by or being made to or from the defendant, in the form of payments that are being electronically transferred through New York, and which are located in this District in the possession of intermediary banks who are garnishees with respect to this action.

EIGHTEENTH: The defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure

NINETEENTH: Because this Verified Complaint sets form an *in personam* maritime claim against the defendant and because the defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the statutory requirements for a Rule B Maritime attachment and garnishment are met and plaintiff seeks issuance of process of maritime attachment so that it may obtain security for its claims against the defendants and/or *quasi in rem* jurisdiction over the property of the defendant so that an eventual judgment can be satisfied.

TWENTIETH: Plaintiff will further seek an Order from this Court recognizing, confirming, and enforcing the London arbitration awards in Plaintiff's favor pursuant to 9 U.S.C. §§ 201 *et seq.*, and/or judgment recognizing and enforcing any judgments on the award issued by any court of competent jurisdiction, including but not limited to English Courts.

WHEREFORE, plaintiff prays as follows:

1. That defendant be summoned to appear and answer this Complaint;

4

2. That defendant not being found within this District, as set forth in the affidavit of Owen F. Duffy, all of its certain assets, accounts, freights, monies, credits, effects, payments for cargo, goods or services and the like belonging to or claimed by the defendant within this District to the amount sued for herein be attached pursuant to Supplemental Rule B and the same be attached to pay plaintiff's damages;

3. That this Court retain jurisdiction over this matter through the entry of a judgment by the High Court of Justice of the London arbitration award associated with the claims presently pending so that judgment may be entered in favor of plaintiff for the amount of its claims, i.e. US$365,427.17, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of plaintiff's claim, plus interest and costs to be paid out of the proceeds thereof; and

4. That plaintiff have such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated:  Port Washington, New York
        September 22, 2006

                                CHALOS, O'CONNOR & DUFFY LLP
                                Attorneys for Plaintiff,
                                GEB SHIPPING CO., LTD.

                        By:     _____
                                Owen F. Duffy (OD-3144)
                                366 Main Street
                                Port Washington, New York 11050
                                Tel:    516-767-3600
                                Telefax: 516-767-3605

5

CHALOS, O'CONNOR & DUFFY LLP
Attorneys for Plaintiff,
GEB SHIPPING CO., LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
GEB SHIPPING CO., LTD.

                Plaintiff,                06 CIV.

      v.                                 **VERIFICATION OF THE COMPLAINT**

EMMSONS INTERNATIONAL LTD.

                Defendant.
------------------------------------------------------x

STATE OF NEW YORK    :
                              : ss.
COUNTY OF NASSAU    :

        BEFORE ME, the undersigned authority, personally came and appeared Owen F. Duffy who, after being duly sworn, did depose and state:

        That he is a partner in the law firm of Chalos, O'Connor & Duffy, LLP, counsel for the plaintiff, GEB SHIPPING CO., LTD., herein;

        That he has read the foregoing complaint and knows the contents thereof; and

        That he believes the matters to be true based on documents and information obtained from employees and representatives of the plaintiff through its agents, underwriters and attorneys.

The reason that this verification was made by deponent and not by the plaintiff is because plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
September 22, 2006

CHALOS, O'CONNOR & DUFFY LLP
Attorneys for Plaintiff,
GEB SHIPPING CO., LTD.

By: _____
Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Tel:    516-767-3600
Telefax: 516-767-3605

Subscribed and sworn to before me this
September 22, 2006

_____
Notary Public, State of New York

CHARLES S. CUMMING
Notary Public, State of New York
No. 02CU5047018
Qualified in Suffolk County
Commission Expires July 24, 2009
CERTIFIED IN NASSAU COUNTY

2