EXHIBIT

TWO

Eric Lindquist (EL 4305)
FOX HORAN & CAMERINI LLP
825 Third Avenue
New York, New York 10022
(212) 480-4800
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GEB SHIPPING CO., LTD.,                     :
                                            :   Index No. 06 Civ 7649 (RCC)
                           Plaintiff,       :
                                            :   **ANSWER TO VERIFIED COMPLAINT
            -against-                       :   (SUBJECT TO EXPRESS
                                            :   RESTRICTION PURSUANT TO
EMMSONS INTERNATIONAL, LTD.,                :   RULE E(8) OF THE SUPPLEMENTAL
                                            :   RULES FOR CERTAIN ADMIRALTY
                                            :   AND MARITIME CLAIMS)**
                           Defendant.       :
------------------------------------------------------X

Emmsons International Ltd. ("Emmsons") by its attorneys Fox Horan & Camerini LLP, subject to express restriction pursuant to Rule E(8) of the Supplemental Rules for Certain Admiralty and Maritime Claims (the "Supplemental Rules"), for its answer to the verified complaint of plaintiff, GEB Shipping Co., Ltd. ("GEB Shipping") states as follows:

## JURISDICTION

1.  Denies the allegations set forth in paragraph 1.

## THE PARTIES

2.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2.

3.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

4.  Admits the allegations set forth in paragraph 4.

5. Admits the allegations set forth in paragraph 5, except that it denies that its exports are limited to grains and rice and that its export destinations are limited to West Africa.

6. Admits the allegations set forth in paragraph 6.

7. Admits the allegations set forth in paragraph 7.

8. Denies the allegations set forth in paragraph 8.

9. With respect to the allegations set forth in paragraph 9, admits the allegations that plaintiff initiated arbitration proceedings against defendant in London, England and admits that defendant participated in these proceeding, but asserts that the adverb "fully" is ambiguous and therefore denies the same.

10. Admits the allegations set forth in paragraph 10.

11. Admits the allegations set forth in paragraph 11.

12. Admits the allegations set forth in paragraph 12.

13. Admits the allegations set forth in paragraph 13.

14. With respect to the allegations in paragraph 14, admits the allegations that defendant has not paid the arbitration award, but denies the allegations that defendant is in abrogation of its obligations under the charter-party.

15. Denies the allegations set forth in paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16.

## PRAYER FOR RELIEF

17. With respect to the allegations in paragraph 17, admits that a panel of arbitrators in London, England has determined an award, but denies the allegations that

defendant has property or assets located in this District or anticipates having property or assets located in this District.

18.  Admits the allegations set forth in paragraph 18.

19.  Paragraph 19 states a legal conclusion that does not require answer. Nonetheless Defendant asserts that the verified complaint fails to state a basis for *in personam* jurisdiction. Defendant opposes the issuance of process of maritime attachment.

20.  Paragraph 20 consists of a statement of plaintiff's intentions which does not require an answer. Defendant will oppose any attempt to enforce the London arbitration award in this District on grounds, among others, of lack of personal jurisdiction.

## AFFIRMATIVE DEFENSES

21.  Plaintiff's claims are barred by the doctrine of estoppel.

22.  Plaintiff's claims are barred by the doctrine of laches.

23.  Plaintiff's claims are barred by the doctrine of unclean hands.

24.  Plaintiffs have failed to state a claim upon which relief may be granted.

25.  This Court lacks personal jurisdiction over the defendant.

26.  Plaintiff has failed to comply with the procedural requirements of Supplemental Rule B(1)(b).

WHEREFORE, defendant respectfully requests that the plaintiff's complaint be dismissed with prejudice, and that the defendant be awarded the costs and disbursements of this

action, including attorney's fees, and for such other further relief as this Court deems just and proper.

Dated: New York, New York
December 7, 2006

                              FOX HORAN & CAMERINI LLP

                        By:    /s/ Eric Lindquist
                              Eric Lindquist (EL 4305)
                              825 Third Avenue
                              New York, New York 10022
                              (212) 480-4800
                              *Attorneys for Defendant*
                              *Emmsons International, Ltd.*