EXHIBIT

B

IN THE HIGH COURT OF DELHI AT NEW DELHI
ORDINARY ORIGINAL CIVIL JURISDICTION

EXECUTION CASE NO. 232 OF 2006

IN THE MATTER OF:

Geb Shipping Limited.                                    Decree Holder

Versus

Emirsons International Limited                           Judgment Holder

INDEX

| Sr. No. | Particulars | Pages |
|---|---|---|
| 1. | Urgent Application | A |
| 2. | Memo of Parties | B |
| 3. | Execution Case for Execution of Award dated 17.03.2005 and 17.1.2006 | 1-25 |
| 4. | Original Award dated 17.1.2006 | 29 |
| 5. | Copy of Letter dated 14th February 2006 from the decree Holder's Advocate to the Judgment Debtor. | 34-35 |
| 6. | Copy of further Letter dated 31 March 2006 from the Decree Holder's Advocate to the Judgment Debtor. | 36-37 |
| 7. | Copy of Letter dated 1st April 2006 from the Judgment Debtor's Advocate to the Decree Holder. | 38-39 |
| 10. | Execution Application under Order 21 Rules 43 and 54 read with Section 151 of CPC and Section 48 of Arbitration & Conciliation Act, 1996, together with Affidavit in support. | 40-49 |
| 11. | Schedule of property | 50-51 |
| 12. | Vakalatnama | 52 |
| 13. | Power of attorney | 53-58 |

Filed by

Dated  26.09.2006                          (G.P. DAGGAR)
                                    Advocate for the Decree Holder



IN THE HIGH COURT OF DELHI AT NEW DELHI

ORDINARY ORIGINAL CIVIL JURISDICTION

EXECUTION CASE NO. _____ 2006

Geb Shipping Company Limited,                    .. Decree Holder

Vs.

Emmsons International Ltd.                         .. Judgment Debtor

### URGENT APPLICATION

The Deputy Registrar,
Delhi High Court,
New Delhi

Sir,

    Will you kindly treat the accompanying application as an urgent one. The grounds of urgency are as follows:

    The decree holder is seeking orders of attachment and sale of the assets of the judgment debtor.

(O. P. Gaggar)
Advocate for the Decree Holder

*B*

# IN THE HIGH COURT OF DELHI AT NEW DELHI

## ORDINARY ORIGINAL CIVIL JURISDICTION

### EXECUTION CASE NO. _____ OF 2006

## MEMO OF PARTIES

Geb Shipping Limited,
1, Pantelides Ave, Nicosia, Cyprus,                    **Decree Holder**

Versus

Emmsons International Limited,
101, South Delhi House,
No.12, Zamrudpur Community Centre,
Kailash Colony,
New Delhi- 1100 08,                                    **Judgment Debtor**

Filed by

(O.P.GAGGAR)
Advocate for the Decree Holder
S-1 Akarshan Bhawan
23, Ansari Road, Darya Ganj
New Delhi.110002

Dated 6 / 9 /2006
Place New Delhi

IN THE HIGH COURT OF DELHI AT NEW DELHI

ORDINARY ORIGINAL CIVIL JURISDICTION

EXECUTION CASE NO. _____ OF 2006

Geb Shipping Company Limited.                    ...Decree Holder

Vs.

Emmsons International Ltd.                    ... Judgment Debtor

The above named Decree Holder prays for the execution of Decree, the particulars
whereof are stated in the columns hereunder.

| 1. | Name of parties | Geb Shipping Company Limited ...Claimant Vs. Emmsons International Limited. ...Respondent |
|---|---|---|
| 3. | Date of Awards | 17th February 2005 and 17th January 2006 |
| 4. | Whether any appeal preferred from the Award | No |
| 5. | Payment or adjustment made, if any | None |
| 6. | Previous application, if any, with date and result | None |
| 7. | Amount of relief due upon the Awards or other relief granted thereby together with particular of any cross-Award | Principal sums as follows: 1. USD 129,250.47 together with interest at the rate of 6 % p.a. compounded every three months from 15th January 2003 till the date of the present Execution Application amounting to USD 160,028.52 equivalent to Rs. 74,69,226.18 at the rate of 1USD = to INR 46.50. Interest continues to accrue at the rate of 6 % p.a. compounded every three months from the date of the present Execution Application till payment and / or realization.  2. Euros 30,000.00 together with interest at the rate |

| | | |
|---|---|---|
| | | of 4.25 % p.a. compounded every three months from 27th March 2003 till the date of the present Execution Application amounting to Euros 34,695.31 equivalent to Rs. 20,47,024.47 at the rate of 1 Euro = INR 59. Interest continues to accrue at the rate of 4.25 % p.a. compounded every three months from the date of this Execution Application till payment and / or realization. |
| 8. | Amount of costs, if any awarded on the Award | a) Fees of Leeward Consultancy, Greece, in the sum of Euros 35,000.00 together with interest at the rate of 4 % p.a. compounded every months from 17th February 2005 till the date of the present Execution Application amounting to Euros 37,287.46 equivalent to Rs. 21,99,960.14 at the rate of 1 Euro = INR 59.00. Interest continues to accrue at the rate of 4% p.a. compounded every three months from the date of the present Execution Application till payment and / or realization. |
| | | b) Fees of English Solicitors, Counsel and surveyors amounting to GBP 34,463.72 together with interest at the rate of 6.75 % p.a. compounded every months from 17th February 2005 till the date of the present Execution Application amounting to GBP 38,294.84 equivalent to Rs. 33,31,651.08 at the rate of 1 GBP = INR 87.00. Interest continues to accrue at the rate of 6.75 % p.a. compounded every three months from the date of the present Execution Application till payment and / or realization. |
| | | c) Tribunal's Fees together with Booking Fees and Appointment Fees amounting to GBP 19,951.00 together with interest at the rate of 6.75 % p.a. compounded every months from 17th February 2005 till the date of the present Execution Application amounting to GBP 22,165.80 equivalent to Rs. 19,28,424.60 at the rate of 1 GBP = INR 87.00. |

3

| | | | Interest continues to accrue at the rate of 6.75 % p.a. compounded every three months from the date of the present Execution Application till payment and / or realization.

d) Recoverable costs of the Costs Award GBP 1,200.00 together with interest at the rate of 6.75 % p.a. compounded every months from 17th January 2006 till the date of the present Execution Application amounting to GBP 1,255.26 equivalent to Rs. 1,09,207.62 at the rate of 1 GBP = INR 87.00. Interest continues to accrue at the rate of 6.75 % p.a. compounded every three months from the date of the present Execution Application till payment and / or realization.

e) Tribunal's fees for the Costs Award GBP 2,360.00 together with interest at the rate of 6.75 % p.a. compounded from 17th January 2006 till the date of the present Execution Application amounting to GBP 2,468.69 equivalent to Rs. 2,14,776.03 at the rate of 1 GBP = INR 87.00. Interest continues to accrue at the rate of 6.75 % p.a. compounded from the date of the present Execution Application till payment and / or realization. |
|---|---|---|---|
| 9. | Against whom to be executed | | The Respondent / Judgment Debtor company. |
| 10. | Mode in which the assistance of the court is required. | | The total decretal amount and the cost of the execution may be released by: The total decretal amount and the cost of the execution may be realised by: (I) attachment and sale of the office premises of the judgment debtor situate at Emnisons International Limited, 101, South Delhi House, No. 12, Zamrudpur Community Centre, Kailash Colony, New Delhi – 110 048. |

4

(II) attachment and sale of the furniture, fixtures, equipment and all articles and things lying inside the office premises of the judgment debtor situate at Emmsons International Limited, 101, South Delhi House, No. 12, Zamrudpur Community Centre, Kailash Colony, New Delhi - 110 048;

(III) attachment and sale of goods including goods in transit or bailment lying with any person and belonging to the Judgment Debtor.

(IV) attachment and realization of the bank balances, book debts and other tangible and intangible assets of the judgment debtor company.

(V) directing the directors, managers, liquidators or assigns of the judgment debtors to disclose the assets of the judgment debtor company and the personal assets of the directors and the managers by way of affidavits.

(VI) committing the directors and the responsible managers of the judgment debtor to civil prison for non-payment of the decreetal amounts.

(VII) Such other or further mode as may be sought by the decree holder during execution of the case or as may be deemed fit by the Hon'ble Court.

The Decree Holder humbly prays that :-

a.    The Hon'ble Court may direct the attachment of the properties mentioned in column 10 above and the notice of the said attachment may be served and affixed on the premises of the Judgment Debtor company.

b.    For costs of this application;

c.   For such other and further reliefs as this Hon'ble Court may deem fit in the facts and circumstances of the case.

Geb Shipping Company Limited
(Decree Holder)

Through

MANOJ KHATRI
Constituted Attorney

Through

O. P. GAGGAR
Advocate for the Decree Holder

## VERIFICATION

I, Manoj Khatri, the Constituted Attorney of the Decree Holder hereby verify that the contents of the above application are true to my knowledge and belief.

Verified so at Mumbai this 21st day of September 2006.

MANOJ KHATRI
Constituted Attorney

40

IN THE HIGH COURT OF DELHI AT NEW DELHI

ORDINARY ORIGINAL CIVIL JURISDICTION

EXECUTION APPLICATION NO. _____ OF 2006

IN

EXECUTION CASE NO. _____ 2006

Geb Shipping Co. Limited                                    Decree Holder

Versus

Emmsons International Limited                               Judgment Debtor

## APPLICATION UNDER ORDER 21 RULES 43 AND 54 READ WITH SECTION 151 OF CPC AND SECTION 48 OF THE ARBITRATION AND CONCILIATION ACT, 1996 FOR EXECUTION / ENFORCEMENT AND ATTACHMENT AND SALE OF THE PROPERTIES OF THE JUDGMENT DEBTOR

The Decree Holder above-named most respectfully showeth:-

1.  The Decree Holder, Geb Shipping Co. Ltd., 1, Pantelidas Ave., Nicosia, Cyprus, are the Owners of the vessel EVANGELOS L which was chartered by them to Emmsons International Limited, 101, South Delhi House, No. 12, Zamrudpur Community Centre, Kailash Colony, New Delhi – 110 048, on the terms and conditions as set out in and evidenced by a charter party dated 30th October 2002. The terms of the charterparty provided for disputes to be referred to three persons one to be appointed by each party and the third by the two persons so chosen. The arbitration was to take place in London and English law was to apply.

2.  Disputes arose between the Decree Holder and the Judgment Debtor pursuant to the Judgment Debtor's failure to pay charter hire, contribution towards

cargo claims and additional war risk insurance premium due and payable to the Decree Holder and the same were referred to arbitration under Clause 17 of the charterparty with each party appointing an arbitrator and the two arbitrators appointing a third arbitrator. The Decree Holder appointed Mr. John Tsatsas as their arbitrator on 20th January 2003 and the Judgment Debtor appointed Mr. Anthony G. Scott as their arbitrator on 20th February 2003. The two arbitrators then appointed Mr. David Farrington as the third arbitrator on 7th July 2004. The Judgment Debtor appointed London Solicitors Hill Taylor Dickinson, to act for them in the arbitration.

3.      The Decree Holder filed its Statement of Claim on 13th March 2003 and the Judgment Debtor filed its Defence Submissions on 25th June 2003. The Decree Holder replied to the Judgment Debtor's Defence Submissions on 6th August 2003 and the Judgment Debtor responded to the Decree Holder's reply on 10th October 2003. Additional submissions were made by the Decree Holder on 9th December 2003 to which the Judgment Debtor filed its response on 6th February 2004. Further submissions were again made by the Decree Holder and replies thereto filed by the Judgment Debtor.

4.      The pleadings being complete, the arbitrators proceeded with the hearing. At the Judgment Debtor's request, the hearing was held on 21st and 22nd October 2004 and both parties were represented by solicitors and counsel. Expert evidence was also adduced. The Judgment Debtor on 27th October 2004 sought permission to address the tribunal on additional matters, which was agreed to by the tribunal and the additional submissions were also considered by the tribunal before reaching its decision.

5.      The tribunal after considering the pleadings, documents and the evidence adduced by the parties came to a unanimous conclusion and made and

3

published their final award dated 17th February 2005 awarding the Decree Holder a sum of USD 129,250.47 together with interest at the rate of 6% per annum compounded every three months from 15th January 2003 until the date of payment and a sum of Euros 30,000.00 together with interest at the rate of 4.25% per annum compounded every three months from 27th March 2003 until the date of payment. The tribunal also fixed their Costs of the Award at GBP 21,383.00 but reserved their award on liability for these costs and also reserved, pending further submissions, their award as to the costs of the reference.

6. The Decree Holder then applied to the tribunal on 9th September 2005 for an award on costs pursuant to the liberty reserved by the tribunal under the Award dated 17th February 2005. The Decree Holder also submitted their cost calculations to the tribunal and copies thereof were provided to the Respondent on 9th September 2005. The tribunal then directed the Judgment Debtor on 3rd October 2005 to provide their submissions by 31st October 2005 in respect of the costs claimed. However, since no response was received from the Judgment Debtor, the tribunal gave the Judgment Debtor one more opportunity to file their submissions by 15th November 2005 and notified the Judgment Debtor that in the event of default, the tribunal would proceed with the award on the basis of material before it. However, again no reply was received and accordingly the tribunal proceeded to assess the Decree Holder's costs of the reference.

7. The tribunal then proceeded to publish its Award on costs on 19th January 2006 and awarded to the Decree Holder a sum of Euros 35,000.00 towards fees of Leeward Consultancy, Greece, together with interest at the rate of 4% per annum compounded every three months from 17th February 2005. The tribunal also awarded a sum of GBP 34,463.72 towards fees of English

Solicitors, Counsel and surveyors and GBP 19,981.00 towards tribunal's fees together with Booking Fees and Appointment Fees. The tribunal also awarded interest at the rate of 6.75 % per annum on GBP 23,683.71 and on GBP 19,981.00 compounded every three months from 17th February 2005 until payment. The tribunal also awarded the Decree Holders recoverable costs of the Costs award in the sum of GBP 1,200.00 together with interest at the rate of 6.75 % from the date of the costs award i.e. 17th January 2006 till the date of payment compounded every three months, and directed the Judgment Debtor to pay the tribunal's fees for the costs award which is fixed at GBP 2,360.00 provided that if the Decree Holder paid the said sum in first instance it shall be entitled to recover the same from the Judgment Debtor together with interest at the rate of 6.75 % from the date of payment by the Decree Holder till the date of reimbursement by the Judgment Debtor. The Decree Holder had paid the fees of the Sole Arbitrator in the sum of GBP 2,360.00.

8.  The Decree Holder's Advocates called upon the Judgment Debtor vide its letter dated 14th February 2006 to pay the sums awarded. However, no response was received from the Judgment Debtor and the Decree Holder's Advocates once again called upon the Judgment Debtor on 21st March 2006 to pay the sums awarded. The Judgment Debtor's Advocate replied by letter dated 1st April 2006 stating that the Awards are not enforceable in India as they are "contrary to the law of land and in conflict with public policy of India". Nothing was stated as to how they were contrary to law or public policy and it is clear that the Judgment Debtor has no intention of making payment and is only trying to delay execution.

9.  Since the Judgment Debtor has failed and neglected to make any payments under the said Awards, the Decree Holder is seeking execution of the Award dated 17th February 2005 as well as the Costs Award dated 17th January 2006

against the Judgment Debtor *inter alia* by attachment and sale of the immovable and movable property of the Judgment Debtor mentioned in paragraph 11 below.

10.     The Decree Holder submits that:

a)     The Awards dated 17th February 2005 and 12th January 2006 are foreign Awards enforceable under Part II of the Arbitration & Conciliation Act, 1996, having been made in pursuance of an arbitration agreement to which the convention set forth in the First Schedule applies and made in the United Kingdom which has been declared to be a reciprocating territory by the Central Government;

b)     The Awards are in respect of disputes and differences which arise out of legal relationships and are considered as commercial under Indian law;

c)     The parties to the agreement were not under any incapacity, nor is the agreement not valid under English law to which it was subject;

d)     The Judgment Debtor was given proper notice of the appointment of Arbitrator and the arbitral proceedings and also took part in the proceedings;

e)     The Award deals with differences which fall within the terms of the submissions to arbitration and does not contain a decision on any matter beyond the scope of the submissions to arbitration;

6

f)    The composition of the arbitral tribunal and the arbitral procedure was in accordance with the agreement of the parties and in accordance with English law;

g)    The Awards have become final and binding on the Judgment Debtor who has failed to lodge any appeal within the time period provided under English law to which the parties were subject; and

h)    The enforcement of the Awards will not be contrary to public policy.

11.   In the premises aforesaid the Awards are final and binding and capable of execution as they already stamped as a decree. The Decree Holder is entitled to seek the reliefs that they have sought and this Hon'ble Court be pleased to execute the Awards dated 17th February 2005 and 17th January 2006 by attachment and sale of the property of the Judgment Debtor for realization of the decretal amount as below:

a.    Attachment and sale of the office premises and all furniture, fixtures, articles and things lying therein and situate at Emmsons International Limited, 101, South Delhi House, No. 12, Zamrudpur Community Centre, Kailash Colony, New Delhi – 110 048; and

b.    Attachment and sale of goods and other movable assets including goods in transit or bailment of the judgment debtor and lying with any person.

c.    Attachment and realization of the bank balances, book debts and other tangible and intangible assets of the judgment debtor company.

16

12. The Execution Application is filed under the provisions of Part II of the Arbitration & Conciliation Act, 1996. The Judgment Debtor carries on business at Delhi within the jurisdiction of this Hon'ble Court. This Hon'ble court therefore has jurisdiction to entertain and dispose of this Application.

13. The Awards were made and published on 17th February 2003 and 12th January 2006 and the Execution Application is therefore in time.

14. That the property mentioned in paragraph 11 is a commercial premises and an order of attachment of the same may be issued and the proclamation of the sale may be issued for the sale of the said property.

15. That the assets mentioned in paragraph 11 are moveable assets whose possession may be taken and they may be ordered to be auctioned for realization of the decretal amount.

17. The Decree Holder therefore prays that

a. That in the above circumstances the Hon'ble Court may be please to order the attachment and sale of the assets mentioned in paragraph 11 of the application, issue proclamation for sale and auction the property, and the assets mentioned in paragraph 11 may be ordered to be attached, taken custody of and sold by auction or any other suitable mode.

b. For costs of the Application; and

c. For such further and other reliefs that this Hon'ble court may deem fit and proper in the facts and circumstances of the case.

For this act of kindness, the Decree Holder as ever duty bound shall always pray.

Geb Shipping Co. Ltd.
Decree Holder

Through

(O. P. Gaggar)
Advocate for the Decree Holder



IN THE HIGH COURT OF DELHI AT NEW DELHI

ORDINARY ORIGINAL CIVIL JURISDICTION

EXECUTION APPLICATION NO. _____ OF 2006

IN

EXECUTION CASE NO. _____ OF 2006

Geb Shipping Company Limited.                    ... Decree Holder

Vs.

Emmsons International Limited.                    ...Judgment Debtor

### AFFIDAVIT OF MR. MANOJ KHATRI IN SUPPORT OF THE EXECUTION APPLICATION

I, Manoj Khatri, the Constituted Attorney of the Decree Holder above named do solemnly affirm and state as under:-

1.    I say that I am the Constituted attorney of Geb Shipping Company Limited, the Decree Holder above named and am aware of the facts of the case from the documents and instructions received by me from the Decree Holder and their Managers, and can depose to the same.

2.    I say that I have read the contents of the accompanying application under Order 21 Rules 43 and 54 read with Section 151 of the Code of Civil Procedure, 1908, and Section 48 of the Arbitration and Conciliation Act, 1996, for execution / enforcement and attachment and sale of the assets of the Judgment Debtor. The statements of facts in the same are correct to my knowledge and the statements of law are true to my information received and believed to be correct.

Deponent



49

## VERIFICATION

I, Manoj Khatri the deponent above-named do hereby verify that the contents of the above paragraphs 1 and 2 are correct to my knowledge and no part of it is false and nothing material has been concealed therefrom.

Verified at Mumbai on this 21st day of September 2006.

Identified by me

Deponent

BEFORE ME

21) 04) 2006

M. K. SHETTY

NOTARY GOVT. OF INDIA
"Prakash", Besant Street,
Santacruz (W), Mumbai – 400 054

50

## IN THE HIGH COURT OF DELHI AT NEW DELHI

## ORDINARY ORIGINAL CIVIL JURISDICTION

## EXECUTION CASE NO. _____ 2006

Geb Shipping Company Limited.                    .. Decree Holder

Vs.

Emmsons International Ltd.                       .. Judgment Debtor

## SCHEDULE OF PROPERTIES

The Decree holder is seeking execution of the decree by attachment and sale of the following properties which as per the information of the decree holder belong to the judgment debtor.

I) Commercial flat no: 101, South Delhi House, No. 12, Zamrudpur Community Centre, Kailash Colony, New Delhi – 110 048.

(II) Movable assets including furniture, fixtures, equipment and all articles and things lying inside the office premises of the judgment debtor situate at 101, South Delhi House, No. 12, Zamrudpur Community Centre, Kailash Colony, New Delhi – 110 048.

(III) Goods including goods in transit or bailment lying with any person and belonging to the Judgment Debtor.

57

(IV) Bank balances, book debts and other tangible and intangible assets of the judgment debtor company.

(O. P. Gaggar)
Advocate for the Decree Holder