EXHIBIT

C



# CHALOS, O'CONNOR & DUFFY
### ATTORNEYS AT LAW

360 MAIN STREET
PORT WASHINGTON, NEW YORK 11050-3120

TELEPHONE (516) 767-3600
TELECOPIER (516) 767-3605 & 3605
WEBSITE: WWW.CODUS-LAW.COM

Michael G. Chalos
Eugene J. O'Connor
George M. Chalos
Owen F. Duffy
Charles S. Cumming
Lorne S. Ciria
Timothy Semenoro*
Brian T. McCarthy
George E. Murray
Michael D. Struve

*Admitted in NJ

Brian T. McCarthy
Associate
bmccarthy@codus-law.com

November 7, 2006

*Via International Air Mail & Electronic Mail*

Emmsons International Limited
101, South Delhi House
No. 12, Zamrudpur Community Centre
Kailash Colony, New Delhi 110 048
Attn: Legal Department
Email Address: corporate@emmsons.com

Re:  GEB Shipping Co., Ltd. v. Emmsons International Limited
     S.D.N.Y. Civil Index No.: 06 CV 7649 (RCC)
     Our File:  500390.002

### Notice of Lawsuit and Maritime Attachment

Dear Sirs:

We are New York attorneys who represent GEB Shipping Co., Ltd. (hereinafter "GEB") in a lawsuit that has been commenced against Emmsons International Limited (hereinafter "Emmsons") in the U.S. District Court for the Southern District of New York in connection with claims for breach of charter-party related to the charter-party dated October 30, 2002 for the vessel M/V EVANGELOS L.

This letter provides you with Notice of the Lawsuit that has been commenced by GEB against Emmsons in the U.S. District Court for the Southern District of New York. Additionally, the purpose of this letter is to provide you with Notice, in accordance with F.R.C.P. Supplemental Rule B(2), that property belonging to Emmsons is being restrained pursuant to Process of Maritime Attachment issued by the U.S. District Court for the Southern District of

2

New York. The property, i.e. money, has been restrained, and will be held pursuant to the Court's Order, to secure the claim asserted by GEB against Emmsons.

In furtherance of our client's desire to secure an eventual judgment against Emmsons, we initiated the lawsuit against Emmsons. Briefly stated, the lawsuit in New York was initiated to make use of the Supplemental Rules for Admiralty and Maritime Claims, which provide for a Maritime Attachment procedure whereby a defendant's assets can be attached to obtain security or satisfy a maritime claim.

The purpose of this letter is to provide you with formal Notice of the Lawsuit and Notice of the Attachment as required by Rule B(2) of the Supplemental Rules for Admiralty and Maritime Claims.

Accordingly, **PLEASE TAKE NOTICE** that the lawsuit filed against Emmsons in New York is styled as follows:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
GEB SHIPPING CO., LTD.,

        Plaintiff,

    v.                          06 CIV. 7649 (RCC)

EMMSONS INTERNATIONAL LTD.,

        Defendant.
----------------------------------------x

Copies of the relevant pleadings that were filed in the case to obtain Process of Maritime Attachment and the Court's Orders are attached herewith for your guidance. The documents enclosed are the following:

1. Verified Complaint, with Request for Issuance of Maritime Attachment and Garnishment, dated September 22, 2006;
2. Order for Issuance of Process of Maritime Attachment, dated September 22, 2006; and,
3. Process of Maritime Attachment, dated September 22, 2006.

**PLEASE TAKE FURTHER NOTICE** that the Process of Maritime Attachment has been executed in that the Process of Maritime Attachment was served on several of the garnishee

2

banks that are listed in the Process of Maritime Attachment at various times. The Standard Chartered Bank reports that it has restrained funds being wire transferred through the Standard Chartered Bank by Emmsons in the amount of US$274,000.00 on November 6, 2006.

As set forth in Supplemental Rule E (4)(f), any person claiming an interest in such property is entitled to a prompt hearing at which the plaintiff shall be required to show why the attachment should not be vacated or other relief granted consistent with the rules. We are, however, of the firm view that there are no grounds for the attachment to be vacated.

Alternatively, whenever Process of Maritime Attachment and Garnishment is issued, the execution of such process shall be stayed, or the property released, on the giving of security, to be approved by the court or clerk, or by the stipulation of the parties, conditioned to answer the judgment of the court or any appellate court. The parties may stipulate the amount and nature of such security.

Under the circumstances, if Emmsons is interested in providing alternate security so as to release the attachment over its funds being held by the garnishee bank or in discussing settlement of the claim set forth in the Complaint, then I ask that you or your legal counsel contact the undersigned.

Thank you for your attention to this matter, and I look forward to hearing from you.

Very truly yours,

CHALOS, O'CONNOR & DUFFY

Brian T. McCarthy

Enclosures ****

3

PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

THE PRESIDENT OF THE UNITED STATES OF AMERICA

To: The United States MARSHAL for the SOUTHERN DISTRICT OF NEW YORK
GREETING:

WHEREAS, a Verified Complaint has been filed in the United States District Court for the Southern District of New York on the 22nd day of September, 2006 styled as follows:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
GEB SHIPPING CO., LTD.,

                Plaintiff,

    v.

EMMSONS INTERNATIONAL LTD.

                Defendant.
----------------------------------------x

JUDGE CASEY
06 CV 7649
VERIFIED COMPLAINT

in a certain action to recover damages due and owing the said plaintiff amounting to US$365,427.17, and praying that a Writ of Attachment and Garnishment be issued against the defendant, EMMSONS INTERNATIONAL LTD., pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims; and

WHEREAS, this process is issued pursuant to such prayer and requires that the garnishee shall serve his answer, together with answers to interrogatories served with the Verified Complaint, within 20 days after service of process upon him and requires that defendant shall serve its answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

NOW, THEREFORE, we do hereby command you that if said defendant cannot be found within the District, you attach the following up to the amount sued for:

All property, tangible or intangible, including: assets, accounts, freights, hire payments, monies, charter hire, credits, debts owed to the defendant, effects, CHIPS credits, electronic fund transfers, payments for bunkers, cargo, goods or services, bills of lading, cargo and the like belonging to or claimed by defendant, EMMSONS

INTERNATIONAL LTD., within this District to the amount sued for herein be attached pursuant to Supplemental Rule B and the same be attached to pay plaintiff's damages which are found in the possession of garnishees or which are found in the possession or control of specific garnishees, to wit:

1. American Express Bank Ltd.
   American Express Tower
   Three World Financial Center
   New York, New York 10285

2. Bank of America
   40 West 57th Street
   New York, New York 10019

3. Bank of New York
   One Wall Street
   New York, New York 10286

4. Citibank
   Legal Service Intake Unit
   1 Court Square, 7th Floor
   Long Island City, NY 11120

5. Deutsche Bank
   60 Wall Street
   New York, New York 10005

6. HSBC
   452 5th Avenue
   New York, New York

7. JP Morgan Chase
   One Chase Manhattan Plaza
   New York, New York 10081

8. Standard Chartered Bank
   One Madison Avenue
   New York, NY 10010

    9)    Wachovia Bank
             11 Penn Plaza
             New York, New York 10001

or any other garnishee within this district.

    WITNESS, the Honorable Judge CASEY, Judge of said Court, this __ day of September, 2006.

By: _Michael McMahon_
     Clerk

By: _____
     Deputy Clerk

NOTE: This is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

CERTIFIED AS A TRUE COPY ON
THIS DATE _SEP 2 2 2006_
BY _____
   ( ) Clerk
   ( ) Deputy

CHALOS, O'CONNOR & DUFFY LLP
Attorneys for Plaintiff
GEB SHIPPING CO., LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEB SHIPPING CO., LTD.,

    Plaintiff,

v.

EMMSONS INTERNATIONAL LTD.,

    Defendant.

06 CIV.

06 CV 7649

JUDGE CASEY

VERIFIED COMPLAINT

Plaintiff, GEB SHIPPING CO., LTD., by its attorneys, Chalos, O'Connor & Duffy LLP, as and for its Verified Complaint against Defendant, EMMSONS INTERNATIONAL LTD., alleges upon information and belief as follows:

## JURISDICTION

FIRST:    The Court has subject matter jurisdiction because the complaint sets forth an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

SECOND:    At all times material hereto, the Plaintiff, GEB SHIPPING CO., LTD. (hereinafter "GEB SHIPPING"), was and still is a foreign corporation or other business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principal place of business in Cyprus.

THIRD:  The Plaintiff, GEB SHIPPING, was at all material time the owner of an ocean-going cargo vessel known as the M/V EVANGELOS L, and GEB SHIPPING charters the M/V EVANGELOS L to others for the carriage of cargo in exchange for payments of freight and/or hire.

FOURTH:  Upon information and belief, and at all times hereto, the Defendant, EMMSONS INTERNATIONAL LTD. (hereinafter "EMMSONS"), was and still is a foreign corporation or other business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principal place of business in New Delhi, India.

FIFTH:  The Defendant is a trading company that is mainly engaged in the export of grain and rice from India to West Africa.

SIXTH:  Pursuant to a charter-party dated October 30, 2002, defendant, EMMSONS chartered the vessel M/V EVANGELOS L from GEB SHIPPING for a time charter trip as provided in the charter-party in consideration of payment of hires. The vessel in the event was used for the carriage of bulk grains from Kandla, India to Hodeidah, Yemen.

SEVENTH:  The charter-party dated October 30, 2002 is a maritime contract.

EIGHTH:  During the course of the charter-party for the vessel M/V EVANGELOS L, defendant, EMMSONS, breached the charter-party by, among other things, failing to pay the balance of the final hire statement, transporting a cargo other than the cargo designated by the charter-party dated October 30, 2002, and failing to pay an additional war risk premium for the voyage to Yemen.

NINTH:  In accordance with the terms and conditions of the charter-party dated October 30, 2002, GEB SHIPPING initiated arbitration proceedings against EMMSONS in London, England seeking to recover damages for breach of the charter-party. EMMSONS fully participated in the arbitration proceeding.

TENTH:            On February 17, 2005, the panel of maritime arbitrators in London awarded Plaintiff GEB SHIPPING US$129,250.47 and €30,000.00 (or US$39,087.00), plus interest and costs.

ELEVENTH:        The February 17, 2005 award requires EMMSONS to pay interest on the award of US$129,250.47 at the rate of 6.00% per annum compounded every three months from January 15, 2003 until the date of payment. The award further requires EMMSONS to pay interest on the award of €30,000.00 (or US$39,087.00) at the rate of 4.25% per annum compounded every three months from March 27, 2003 until the date of payment.

TWELFTH:         On January 17, 2006, the panel of maritime arbitrators in London awarded costs to Plaintiff GEB SHIPPING in the amount of €35,000.00 (or US$42,455.00), £54,414.72 (or US$96,308.61) and £3,560.00 (or US$6,300.84).

THIRTEENTH:      The January 17, 2006 award requires EMMSONS to pay interest on the award of €35,000.00 (or US$42,455.00) at the rate of 4.00% per annum compounded every three months from February 17, 2005 until the date of payment. The award further requires EMMSONS to pay interest on the award of £54,414.72 (or US$96,308.61) at the rate of 6.75% per annum compounded every three months from February 17, 2005 until the date of payment. The award further requires EMMSONS to pay interest on the award of £3,560.00 (or US$6,300.84) at the rate of 6.75% per annum compounded every three months from January 17, 2006 until the date of payment.

FOURTEENTH:      Defendant EMMSONS in abrogation of its obligations under the charter-party, has not paid the arbitration award.

FIFTEENTH:       Accounting for the interest that was granted in the two above referenced arbitration awards, the total amount due and owing to plaintiff is US$363,427.17.

SIXTEENTH:       The above-mentioned arbitration award has not yet been reduced to a judgment in the High Court of Justice in London, England or by a U.S. District Court.

## PRAYER FOR RELIEF

SEVENTEENTH:    Notwithstanding the fact that the liability of defendant EMMSONS, to plaintiff GEB SHIPPING, has been determined by a panel of maritime arbitrators in London, England, there are now, or will be during the pendency of this action, certain assets belonging to the defendant, including among other things, payments for goods or services and the like being made by or being made to or from the defendant, in the form of payments that are being electronically transferred through New York, and which are located in this District in the possession of intermediary banks who are garnishees with respect to this action.

EIGHTEENTH:    The defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

NINETEENTH:    Because this Verified Complaint sets forth an *in personam* maritime claim against the defendant and because the defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the statutory requirements for a Rule B Maritime attachment and garnishment are met and plaintiff seeks issuance of process of maritime attachment so that it may obtain security for its claims against the defendants and/or *quasi in rem* jurisdiction over the property of the defendant so that an eventual judgment can be satisfied.

TWENTIETH:    Plaintiff will further seek an Order from this Court recognizing, confirming, and enforcing the London arbitration awards in Plaintiff's favor pursuant to 9 U.S.C. §§ 201 *et seq.*, and/or judgment recognizing and enforcing any judgments on the award issued by any court of competent jurisdiction, including but not limited to English Courts.

WHEREFORE, plaintiff prays as follows:

1. That defendant be summoned to appear and answer this Complaint;

4

2. That defendant not being found within this District, as set forth in the affidavit of Owen F. Duffy, all of its certain assets, accounts, freights, monies, credits, effects, payments for cargo, goods or services and the like belonging to or claimed by the defendant within this District to the amount sued for herein be attached pursuant to Supplemental Rule B and the same be attached to pay plaintiff's damages;

3. That this Court retain jurisdiction over this matter through the entry of a judgment by the High Court of Justice of the London arbitration award associated with the claims presently pending so that judgment may be entered in favor of plaintiff for the amount of its claims, i.e. US$365,427.17, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of plaintiff's claim, plus interest and costs to be paid out of the proceeds thereof; and

4. That plaintiff have such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
September 22, 2006

　　　　　　　　　　　　　　　　CHALOS, O'CONNOR & DUFFY LLP
　　　　　　　　　　　　　　　　Attorneys for Plaintiff,
　　　　　　　　　　　　　　　　GEB SHIPPING CO., LTD.

　　　　　　　　　　　　　By:　_____
　　　　　　　　　　　　　　　　Owen F. Duffy (OD-3144)
　　　　　　　　　　　　　　　　366 Main Street
　　　　　　　　　　　　　　　　Port Washington, New York 11050
　　　　　　　　　　　　　　　　Tel:　　516-767-3600
　　　　　　　　　　　　　　　　Telefax: 516-767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
GEB SHIPPING CO., LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GEB SHIPPING CO., LTD.,

                        Plaintiff,                06 CIV.

         -v-                                        VERIFICATION OF THE
                                                  COMPLAINT
EMMSONS INTERNATIONAL LTD.,

                        Defendant.
-----------------------------------------------------------x

STATE OF NEW YORK    )
                           ) ss.
COUNTY OF NASSAU   )

        BEFORE ME, the undersigned authority, personally came and appeared Owen F. Duffy who, after being duly sworn, did depose and state:

        That he is a partner in the law firm of Chalos, O'Connor & Duffy, LLP, counsel for the plaintiff, GEB SHIPPING CO., LTD., herein;

        That he has read the foregoing complaint and knows the contents thereof; and

        That he believes the matters to be true based on documents and information obtained from employees and representatives of the plaintiff through its agents, underwriters and attorneys.

The reason that this verification was made by deponent and not by the plaintiff is because plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
September 22, 2006

By: _____

CHALOS, O'CONNOR & DUFFY LLP
Attorneys for Plaintiff,
GEB SHIPPING CO., LTD.

Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Tel:      516-767-3600
Telefax: 516-767-3605

Subscribed and sworn to before me this
September 22, 2006.

_____
Notary Public, State of New York

CHARLES S. CUMMING
Notary Public, State of New York
No. 02CU5047013
Qualified in Suffolk County
Commission Expires July 24, 2010
CERTIFICATE IN NASSAU COUNTY

2

CHALOS, O'CONNOR & DUFFY LLP
Attorneys for Plaintiff,
GEB SHIPPING CO., LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEB SHIPPING CO., LTD.

        Plaintiff,

vs.

EMMSONS INTERNATIONAL LTD.

        Defendant.

06 CIV 7649

ORDER FOR ISSUANCE OF
THE PROCESS OF MARITIME
ATTACHMENT

Upon reading the Verified Complaint for issuance of Process of Maritime Attachment and Garnishment, and the Affidavit of Owen F. Duffy, Esq., attached thereto, and the Court finding that the conditions for an action under Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure appear to exist, it is this 22nd day of September, 2006, by the United States District Court for the Southern District of New York,

ORDERED that the Clerk shall issue Process of Maritime Attachment and garnishment as prayed for in the Verified Complaint; and it is further

ORDERED that the Clerk shall issue supplemental process of attachment against all property, tangible or intangible, including funds, goods, chattels, credits, effects, debts owed by or owed to defendant, EMMSONS INTERNATIONAL LTD., or monies to be paid to discharge a debt owed to the defendant, including monies being electronically transferred by or to EMMSONS INTERNATIONAL LTD., which are in the possession or control of, or being transferred through any garnishee within this District, including, without limitation, property held by or in the possession or control of the following garnishee(s):

1. American Express Bank Ltd.
   American Express Tower
   Three World Financial Center
   New York, New York 10285

2. Bank of America
   40 West 57th Street
   New York, New York 10019

3. Bank of New York
   One Wall Street
   New York, New York 10286

4. Citibank
   Legal Service Intake Unit
   1 Court Square, 7th Floor
   Long Island City, NY 11120

5. Deutsche Bank
   60 Wall Street
   New York, New York 10005

6. HSBC
   452 5th Avenue
   New York, New York

7. JP Morgan Chase
   One Chase Manhattan Plaza
   New York, New York 10081

8. Standard Chartered Bank
   One Madison Avenue
   New York, NY 10010

9. Wachovia Bank
   11 Penn Plaza
   New York, New York 10011

or any of their affiliates and any other garnishee(s) within this district upon whom a copy of the Process of Maritime Attachment and Garnishment hereof may be served, in an amount up to the amount sued for, i.e., US$365,437.17; it is further

ORDERED that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the plaintiff shall be required to show why the attachment and garnishment should not be vacated or other relief granted; and it is further

ORDERED that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment; and it is further

ORDERED that pursuant to Fed. R. Civ. P., Supplemental Rules for Certain Admiralty and Maritime Claims, Rule B(1)(d)(ii)(C), the Writ of Attachment may be served by any person, who is not less than 18 years old, and who is not a party to this action; and it is further

ORDERED that service on any garnishee(s) (i.e. any original garnishee or any garnishee herein) is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service through the opening of the garnishee's business the next business day; and it is further

ORDERED that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), that following initial service upon any garnishee by the United States Marshal or any other person designated by Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment shall thereafter be made by way of service of a copy of the Process of Maritime Attachment and Garnishment via facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served.

Dated: New York, New York
September 22, 2006

SO ORDERED:

_____
U.S.D.J.

CERTIFIED AS A TRUE COPY
THIS DATE _____
BY _____
( ) Clerk
( ) Deputy

3