EXHIBIT

FIVE

**AVADH BEHARI ROHATGI**
SENIOR ADVOCATE
SUPREME COURT OF INDIA
FORMER JUDGE HIGH COURT OF DELHI

N-217, GREATER KAILASH-I
NEW DELHI-110048
PHONES: 29243834
29245615
51632893
FAX: 91-11-29232216

February 5, 2007

To

Mr. Sanjeev Puri,
Advocate,
M/s. AZB Partners,
F-40, NDSE, Part-I,
New Delhi-49.

Subject: Discounting Banks as Holders in Due Course – GEB Shipping Company Ltd. Vs. Emmsons International Ltd. – Attachment of US$ 365,427.17 by Standard Charterd Bank, New York.

Querist: Mr. Eric Lindquist, Esq. Fox Horan & Camerini LLP, New York and Mr. Sanjeev Puri, Advocate, E-575A, GK-II, New Delhi.

-oOo-

Dear Sir,

I am enclosing herewith my written opinion in the matter after having a detailed conferene with you and the officer of M/s. Emmsons.

I am also enclosing my memo of fees together with the bill of the Secretary for payment.

Thanking you,

Yours faithfully,

(Avadh Behari Rohatgi)

Encl:

RECEIVED
FEB 12 2007

**AVADH BEHARI ROHATGI**
SENIOR ADVOCATE
SUPREME COURT OF INDIA
FORMER JUDGE HIGH COURT OF DELHI

N-217, GREATER KAILASH-I
NEW DELHI-110 048
PHONES : 29243834
29245615
51632893
FAX: 91-11-29232216

February 5, 2007

## OPINION

**In re:**

Subject: Discounting Banks as Holders in Due Course – GEB Shipping Company Ltd. Vs. Emmsons International Ltd. – Attachment of US$ 365,427.17 by Standard Charterd Bank, New York.

Querist: Mr. Eric Lindquist, Esq. Fox Horan & Camerini LLP, New York and Mr. Sanjeev Puri, Advocate, E-575A, GK-II, New Delhi.

-oOo-

I have gone through the brief for opinion prepared by M/s. AZB & Partners, Advocates and Solicitors, New Delhi. I have also held detailed discussion with Mr. Sanjeev Puri, Advocate and Mr. Shyam Sunder of Emmsons.

2. I have been requested to give expert opinion to cover the following questions:

> "A general discussion of the nuts and bolts of commercial shipping transactions in India law and practice, focusing especially on the use of bills of exchange (which is not so familiar a mechanism in U.S. practice). This should include a discussion of the rights and obligations of the issuer, the issuer's bank, the issuee/ acceptor, and the issuee/ acceptor's bank, with an analysis of the point at which the bill becomes negotiable and who is the holder at the time the issuee/ acceptor's bank transmits funds to the issuer's bank".

### Indian Law

3. In India law relating to negotiable instruments is contained in the Negotiable Instruments Act (Act 26 of 1881) ("NI Act" in short). Section 8 of the NI Act defines a **Holder** as follows:

> "The **holder** of a promissory note, bill of exchange or cheque means any person entitled in his own name to the possession thereof and to receive or recover the amount due thereon from the parties thereto.
>
> Where the note, bill or cheque is lost or destroyed, its holder is the person so entitled at the time of such loss or destruction."

1

**AVADH BEHARI ROHATGI**
SENIOR ADVOCATE
SUPREME COURT OF INDIA
FORMER JUDGE HIGH COURT OF DELHI

N-217, GREATER KAILASH-I
NEW DELHI-110048
PHONES: 29243834
          29245615
          51632893
FAX: 91-11-29232216

- 2 -

4. In Section 9 of the said Act of 1881 a **Holder in due course** is defined in the following terms:

> "*Holder in due course* means any person who for consideration became the possessor of a promissory note, bill of exchange or cheque if payable to bearer or the payee or indorsee thereof, if payable to order before the amount mentioned in it became payable, and without having sufficient cause to believe that any defect existed in the title of the from person whom he derived his title".

5. The Courts have held that the following conditions are necessary to become a holder in due course for purposes of Section 9 of the NI Act[1]:

    (a)    the person must be a holder for consideration;

    (b)    the instrument must be transferred before it becomes overdue; and

    (c)    the person must be a transferee in good faith and he should have no reason to suspect any defect in the title of the transferor.

6. Holder for value is a person who has given value in exchange for a negotiable instrument. Under the UCC, examples of "giving value" include acquiring a security interest in the instrument and accepting the instrument in payment of an antecedent claim. UCC S. 3-303(a).- Also termed *bona fide holder for value.* (Black's Dictionary 8th ed. 2004 p.749.)

Where a **holder** cannot satisfy all the conditions necessary to be a *holder in due course*, he or she loses the advantages of negotiability. *viz.* above all he or she cannot obtain a better title (ownership) than that from whom it was acquired, but it all the same gives him or her some limited protection[2].

7. A person who in good faith has given value for a negotiable instrument that is complete and regular on its face, is not overdue, and, to the possessor's knowledge, has not been dishonored. Under UCC S. 3-305, a holder in due course takes the instrument free of all claims and personal defenses.—(abbr.) HDC; HIDC.— Also termed *due-course holder.*(Black's Dictionary 8th ed. 2004 p.749.)

---

[1] *Braha Kishore v. Purna Chandra Panda*, AIR 1957 Ori. 153; *Bulaqi Mal v. Abdul Rahim*, AIR 1923 Lah. 638.
[2] *Trade Finance; Investment*

**AVADH BEHARI ROHATGI**
SENIOR ADVOCATE
SUPREME COURT OF INDIA
FORMER JUDGE HIGH COURT OF DELHI

N-217, GREATER KAILASH-I
NEW DELHI-110 048
PHONES: 29243834
29245615
51632893
FAX: 91-11-29232216

- 3 -

8.   A holder of a bill of exchange who has taken it in good faith, for value, before it was overdue, without knowledge of any previous dishonour and without notice of any defect in the title (*i.e.* ownership) of the person who negotiated with him or her. Such a holder has the right to sue in his or her own name and to hold it free of any defect in the title of any previous holder. Payment can be obtained from anyone who was party to the bill of exchange before they became a party themselves. *(Trade Finance).*

### Discounting

9.   Sheldon defines 'discounting' as follows:

> "*To discount a bill is to buy it to become the transferee of it by having it endorsed or transferred by delivery by the holder giving him a price settled either by agreement or by current rate in the money market and based on the time the bill has to render[3].*"

This definition has been quoted with approval in the courts[4].

10.   Another authority defines discounting in these words:

> "<u>Discounting a bill</u>
>
> *The act of purchasing at a certain deduction or discount, a bill of exchange and the right to realize it at maturity. It is the practice of selling a debt to an institution at a discount. Face value is paid less the interest which will be due thereon when payable. In short it is the procedure whereby a bill of exchange is acquired by the bank for a sum less than its face value.*"

11.   In order to determine in a particular case whether a bank which discounts a bill of exchange is a holder in due course, it is necessary to examine whether the conditions laid down above are satisfied in the facts of the case.

### Holder for consideration:

12.   The legal effect of discounting has been judicially examined by the Hon'ble High Court of Madhya Pradesh in *Dena Bank v. M.P.T.N. Corporation Ltd*[5]. In that case the question before the Hon'ble High Court was whether by accepting the relevant documents with endorsement in its

---

[3] Sheldon's Practice and Law of Banking, (10th ed. p.306)
[4] *Dena Bank v. M.P.T.N. Corporation Ltd*, AIR 1982 MP 85; *Gaddam Venkataraju7 v. Andhra Bank, Hyderabad*, 2000 ALD 87/
[5] AIR 1982 MP 85

3

**AVADH BEHARI ROHATGI**
SENIOR ADVOCATE
SUPREME COURT OF INDIA
FORMER JUDGE HIGH COURT OF DELHI

N-217, GREATER KAILASH-I
NEW DELHI-110 048
PHONES: 29243834
29245615
51632893
FAX: 91-11-29232216

- 4 -

favour and discounting the same by crediting the price thereof to the account of the plaintiff company immediately and before realizing the same from the drawee company the ownership in goods covered by the said documents passed on the defendant bank and it became a purchaser for value of the goods[6].

13. The Hon'ble High Court found that bills discounted stood on a different footing from bills for collection as the discounter is a holder for full value and gets absolute title over it. If a bank after discounting an instrument from a customer credits the customer with the amount and allows him to draw on it before the instrument is cleared then the bank collects the money for itself and not for the customer[7].

The Hon'ble High Court held as under:

"....... It is clear that if the bills and the relevant documents presented by its drawer are accepted by a banker with endorsement in its favour and the same are immediately discounted by the banker without waiting for its collection, by giving full credit for the entire amount of the document so presented, the banker itself becomes a purchaser and the holder thereof for full value....[8]"

14. On facts the Court held:

"..... that the defendant Bank was not only a collecting agent of the documents presented to it by the plaintiff company but the documents on presentation were discounted by the Bank and the value was credited to the account of the plaintiff immediately without waiting for its collection from the drawee. These facts and circumstances clearly make out a case that the Bank was purchaser of title documents and it was holder thereof for full value.....[9]".

15. In *Gaddam Venkataraju v. Andhra Bank, Hyderabad*[10], the bank discounted a cheque and argued that it had become a holder in due course. After quoting with approval the observations of the Hon'ble High Court of MP as regards the legal impact of discounting, the Hon'ble High Court of Andhra Pradesh held as under:

---

[6] ♠ 11, supra.
[7] ♠ 14, supra; relying on *Commissioner of Income Tax v. M/s. Laxmichand Muchhal, Indore*, 1996 MPLJ 728.
[8] ♠ 16, supra
[9] ♠ 17, supra
[10] 2000 ALD 87

**AVADH BEHARI ROHATGI**
SENIOR ADVOCATE
SUPREME COURT OF INDIA
FORMER JUDGE HIGH COURT OF DELHI

N-217, GREATER KAILASH-I
NEW DELHI-110048
PHONES: 29243834
29245615
51632893
FAX: 91-11-29232216

- 5 -

> "If that is the legal effect of discounting, the first respondent-bank has become a holder in due course and, therefore, is entitled to recover the amount from the parties to the cheque".

It is submitted that that the above mentioned judgements show that discounting by its very nature amounts to payment of consideration and that banks which discount bills have been expressly held to be holders in due course.

### Transfer of instrument before it become due:

16. It is clear that any person holding a bill of exchange can become its holder only if the bill has not yet become overdue. Nothing in this condition militates against the recognition of a discounting bank as a holder in due course. The bank purchased the bill of exchange before it became due.

### Transferee in good faith:

17. In *M/s. U. Ponnappa v. Catholic Syrian Bank*[11], the Hon'ble Supreme Court considered whether the discounting bank had acted in good faith in paying the amounts due under the cheques to the defendant firm without making any enquiries regarding the "title" of the person, namely, defendant No.1 from whom the Bank claimed to have purchased the cheques for consideration[12]. The Hon'ble Supreme Court determined that crediting of the customer account by itself would not alter the character of a banker from a collector to a holder for value and the same would require to be factually determined in each case. Under the Indian law, a holder, to be a holder in due course, must not only have acquired the bill, note or cheque for valid consideration but should have acquired the cheque without having sufficient cause to believe that any defect existed in the title of the person from whom he derived his title. This condition requires that he should act in good faith and with reasonable caution. In a given case, the Court, while examining these requirements including valid consideration must also go into the question whether there was a contract, express or implied, for crediting the proceeds to the account of the bearer before receiving the same[13].

---

[11] AIR 1991 SC 441
[12] ▲4, supra
[13] ▲17, supra. The Court also relied upon Halsbury's Laws of England, 4th ed. p.221, 222

**AVADH BEHARI ROHATGI**
SENIOR ADVOCATE
SUPREME COURT OF INDIA
FORMER JUDGE HIGH COURT OF DELHI

N-217, GREATER KAILASH-I
NEW DELHI-110 048
PHONES: 29243834
29245615
51632893
FAX: 91-11-29232216

- 6 -

18. On the facts in question the Hon'ble Supreme Court determined that there was an implied contract and, therefore, the Bank was a holder in due course.

19. It is submitted that the *ratio* of this decision is that if there is an express or implied contract for discounting bills, the bank, unless it was manifestly negligent in discounting a bill, would be deemed to be acting in good faith and therefore a holder in due course.

20. From the discussion above, the following conclusions can be drawn:

(a) By its very nature discounting is different from the normal functions of a bank as a collecting banker;

(b) Whether or not banks which discount bills become holders in due course depends upon the facts of the discounting in question and whether they meet the conditions laid down in Section 9 of the NI Act.

(c) Judicial precedents seem to indicate that banks which discount bills on account of an express or implied agreement are generally deemed to act on good faith, unless there is palpable negligence, and are, therefore, regarded as holders in due course.

21. In the United States there is Uniform Commercial Code. This is a uniform law that governs commercial transactions, including sales of goods, secured transactions and negotiable instruments. The Code has been adopted in some form by every State[14].

22. The principle that a **holder in due course** possesses a legal title and is fully protected seems to be thoroughly established in the international export trade. This principle that a holder in due course of a bill, cheque or note which he has taken for consideration is fully protected is established since the decision of the House of Lords in *Clutton Vs. Attenborough & Son, 1987 AC 90.*

23. There are no separate rules of commercial shipping transactions. They are the same as contained in the NI Act of 1881. The rights and obligations of the parties can briefly be descried as under:

---

[14] *Black's Dictionary 8th ed. 2004 p.1565*

**AVADH BEHARI ROHATGI**
SENIOR ADVOCATE
SUPREME COURT OF INDIA
FORMER JUDGE HIGH COURT OF DELHI

N-217, GREATER KAILASH-I
NEW DELHI-110 048
PHONES: 29243834
29245615
51632893
FAX: 91-11-29232216

- 7 -

24. When the goods were exported by the exporter to the foreign country, he drew up a bill of exchange. The bill of exchange was issued by the exporter's bank. The bill was presented to the buyer's bank in the foreign country and was accepted by buyer's bank. At the request of the exporter the Bank discounted the Bill of Exchange. The discounting bank paid the face value of the instrument less the interest which was to accrue in future.

25. In discounting the universal practice is that there is a reduction from full amount. There is an advance deduction of interest when the bank discounts a note, bill of exchange or other commercial paper, resulting in its present value. The discount represents that amount by which the security's market value is below its face value.

26. The future value of the commercial paper is discounted to its value today i.e. its present worth. The specified amount of interest which would become due at a specified future date is discounted. The exporter received the discounted value from his own banker and assigned all his rights under the instrument in favour of the discounting bank. The discounting bank thus becomes the holder in due course and has a valid title against the whole world and is fully protected against any claim which a third party may have against the exporter. For he has purchased the bill for value and good consideration without notice.

27. The seller's banker is the bonafide purchaser for value because he has no notice of any claim of a third party against the seller.

28. In the present case the bank is the holder in due course. Because the bank credited the amount to the account of the customer who drew upon it[15]. Therefore, the bank holds the bill in its own right. This "means something more than one who does not acquire it in a representative character; it means a holder having a right to it, not subject to that of anyone else, but his own – good against all the world[16]".

29. The seller's banker is the purchaser for valuable consideration within the meaning of Sections 8 and 9 of the NI Act, 1881. He is a bonafide purchaser for value without notice. He has paid money or the present worth of the Bill of Exchange to the seller. His rights are fully protected.

---

[15] See *National Bank Vs. Silke (1891) 1 QB 435* and *Capital and Counties Bank Vs. Gordon* (1903) AC 245.
[16] Per Collins L.J. in *Nash Vs. De. Freville* (1900) 2 QB 72.

**AVADH BEHARI ROHATGI**
SENIOR ADVOCATE
SUPREME COURT OF INDIA
FORMER JUDGE HIGH COURT OF DELHI

N-217, GREATER KAILASH-I
NEW DELHI-110 048
PHONES: 29243834
29245615
51632893
FAX: 91-11-29232216

- 8 -

### Conflict of Laws

30. Negotiable instruments, since they represent the medium by which trade of the modern world is to a certain extent conducted and financed, are a fertile source of litigation that can be solved only by a reference to private international law[17].

31. In this connection one principle established in conflict of laws is stated in Dicey and Morris – Conflict of Laws 12th ed. p. 1420 in these words:

> *"Whether and how instrument wherever issued, in England or abroad, can be transferred by delivery or by indorsement and delivery so as to confer a good title upon a bonafide transferee for value is a matter exclusively to be determined by the law of the country in which the instrument is transferred".*

Therefore, Indian Law as contained in the Negotiable Instruments Act of 1881 will be applied by the American Courts. This mean that the law of the place where the indorsement of the bill of exchange was completed will determine whether indorsement constitutes an effective transfer of the bill. According to Indian law the discounting bank is a *bonafide* holder for value without notice and has a good title. Property in the instrument, and all rights under it, pass by indorsement and delivery to the holder. The holder for value who receives the instrument *bonafide* has a perfectly good title of the transferor, and whatever personal defences may be available against the transferor. The Indian Law calls him a holder in due course and he is fully protected against the whole world.

This is a general discussion of nuts and bolts of the commercial transaction.

(Avadh Behari Rohatgi)
Former Judge
Delhi High Court

New Delhi
Dated: February 5, 2007

---

[17] Cheshire – Private International Law 12th ed. p.572.

**AVADH BEHARI ROHATGI**
SENIOR ADVOCATE
SUPREME COURT OF INDIA
FORMER JUDGE HIGH COURT OF DELHI

N-217, GREATER KAILASH-I
NEW DELHI-110 048
PHONES : 29243834
29245615
51632893
FAX: 91-11-29232216

I have been dealing with commercial law in the course of my practice spanning a period of over sixty years at the Bench, Bar and teaching. I taught Law at the University of Delhi and commercial law was also one of the subjects on which I lectured including Negotiable Instruments Act. In my legal practice at Bar I have conducted commercial cases in the commercial court.

As a Judge on the Bench of the High Court of Delhi I have had the good fortune of dealing with commercial cases of all kinds, banking & insurance, shipping, export trade, arbitration, etc.

I practiced at the Bar from 1947 to 1971. In 1972 I became Judge of the Delhi High Court and remained there on the Bench for 13 years and retired in 1985. After retirement I joined practice at the Supreme Court Bar because I could not have appeared in the High Court by reason of being a Judge of the Delhi High Court under the Constitution of India. At the Supreme Court Bar I am practicing from 1985 till the present time. I have acquired knowledge of commercial law in the course of my practice.

I have also been doing arbitrations also and delivered several awards in important cases.

(Avadh Behari Rohatgi)