EXHIBIT

SIX

THE NEGOTIABLE INSTRUMENTS ACT, 1881

ACT NO. 26 OF 1881

[9th December, 1881.]

An Act to define and amend the law relating to Promissory Notes, Bills of Exchange and Cheques.

Preamble. WHEREAS it is expedient to define and amend the law relating to, promissory notes, bills of exchange and cheques ; It is hereby enacted as follows

CHAP

PRELIMINARY

PRELIMINARY

1.

Short title.

1.Short title. This Act may be called the Negotiable Instruments Act, 1881.

Local extent. Saving of usages relating to hundis, etc. It extends to the whole of India but nothing herein contained affects the 'Indian Paper Currency Act, 1871, (3 of 1871). section 21, or .affects any local usage relating to any instrument in an oriental language : Provided that such usages may be excluded by any words in the body of the instrument which indicate an intention that the legal relations of the parties thereto shall be governed by this Act and it shall come into force on the first day of March, 1882.

2.

Commencement.

2.Commencement. [Repeal of enactments.] Rep. by the Amending Act, 1891 (12 of 1891), s. 2 and Sch. 1.

3.

Interpretation-clause.

4. "Promissory note". A "promissory note" is an instrument in writing (not being a bank-note or a currency-note) containing an unconditional undertaking, signed by the maker, to pay a certain sum of money only to, or to the order of, a certain person, or to the bearer of the instrument.

Illustrations

A signs instruments in the following terms

(a) "I promise to pay B or order Rs. 500."
(b) " I acknowledge myself to be indebted to B in Rs. 1,000 to be paid on demand, for value received."

(c) Mr. B, O U Rs. 1,000."

(d) I promise to pay B Rs. 500 and all other sums which shall be due to him."
(e) I promise to pay B Rs. 500, first deducting thereout any money which he may owe me."

(f) " I promise to pay B Rs. 500 seven days after my marriage with C."
(g) " I promise to pay B Rs. 500 on D's death, provided D leaves me enough to pay that sum."

(h) " I promise to pay B Rs. 500 and to deliver to him my black horse on 1st January next."

The instruments respectively marked (a) and (b) are promissory notes. The instruments respectively marked (c), (d), (e), (f), (g) and (h) are not promissory notes.

5.

"Bill of exchange".

5."Bill of exchange". A "bill of exchange" is an instrument in writing, containing an unconditional order, signed by the maker, directing a certain person to pay a certain sum of money only to, or to the order of, a certain person or to the bearer of the instrument.

A promise or order to pay is not " conditional ", within the meaning of this section and section 4, by reason of the time for payment of the amount or any instalment thereof being expressed to be on ,the lapse of a certain period after the occurrence of a specified event which, according to the ordinary expectation of mankind, is certain to happen, although the time of its happening may be uncertain.

The sum payable may be "certain", within the meaning of this section and section 4, although it includes future interest or is payable at an indicated rate of exchange, or is according to the course of exchange, and although the instrument provides that, on default of payment of an instalment, the balance unpaid shall become due.

The person to whom it is clear that the direction is given or that payment is to be made may be a "certain I person", within the

13

meaning of this section and section 4, although he is mis-named or designated by description only.

6.

"Cheque".

6."Cheque". A "cheque" is a bill of exchange drawn on a specified banker and not expressed to be payable otherwise than on demand.

7.

Drawer, Drawee.

7.Drawer, Drawee. The maker of a bill of exchange or cheque is called the drawer "; the person thereby directed to pay is called the " drawee" .

Drawee in case of need. When in the bill or in any endorsement thereon the name of any person is given in addition to the drawee to be resorted to in case of need, such person is called a " drawee in case of need ".

Acceptor. After the drawee of a bill has signed his assent upon the bill, or, if there are more parts thereof than one, upon one of such parts, and delivered the same, or given notice of such signing to the holder or to some person on his behalf, he is called the " acceptor ".

Acceptor for honour.1[When a bill of exchange has been noted or protested for nonacceptance or for better security,] and any person accepts it supra protest for honour of the drawer or of any one of the endorsers , such person is called an " acceptor for honour ".

Payee. The person named in the instrument, to whom or to whose order the money is by the instrument directed to be paid, is called the "payee".

8.

"Holder".

    8."Holder". The "holder" of a promissory note, bill of exchange or cheque means any person entitled in his own name to the possession thereof and to receive or recover the amount due thereon from the parties thereto.

    Where the note, bill or cheque is lost or destroyed, its holder is the person so entitled at the time of such loss or destruction.

9.

"Holder in due course".

    9.Holder in due course. " Holder in due course " means any person who for consideration became the possessor of a promissory note, bill of exchange or cheque if payable to bearer, or the payee or indorsee thereof, if 2[payable to order,]

    before the amount mentioned in it became payable, and without having sufficient cause to believe that any defect existed in the title of the person from whom he derived his title.

---

1 Subs. by Act 2 of 1885, s. 2, for " When acceptance is refused and the bill is protested for non-acceptance".

2 Subs. by Act 8 of 1919, s. 2, for " payable to, or to the order of, a payee,".

---

14

10.

"Payment in due course".

    10."Payment in due course". "Payment in due course" means payment in accordance with the apparent tenor of the instrument in good faith and without negligence to any person in possession thereof under circumstances which do not afford a reasonable ground for believing that he is not entitled to receive payment of the amount therein mentioned.

11.

Inland instrument.

11.Inland instrument. A promissory note, bill of exchange or cheque drawn or made in 1 [India], and made payable in, or drawn upon any person resident in, 1 [India] shall be deemed to be an inland instrument.

12.

Foreign instrument.

12.Foreign instrument. Any such instrument not so drawn, made or made payable shall be deemed to be a foreign instrument.

13.

Negotiable instrument.

13.2[(1)Negotiable instrument. A " negotiable instrument " means a promissory note, bill of exchange or cheque payable either to order or to bearer.

Explanation (i).-A promissory note, bill of exchange or cheque is payable to order which is expressed to be so payable or which is expressed to be payable to a particular person, and does not contain words prohibiting transfer or indicating an intention that it shall not be transferable.

Explanation (ii).-A promissory note, bill of exchange or cheque is payable to bearer which is expressed to be so payable or on which the only or last endorsement is an endorsement in blank.

Explanation (iii).-Where a promissory note, bill of exchange or cheque, either originally or by endorsement, is expressed to be payable to the order of a specified person, and not to him or his order, it is nevertheless payable to him or his order at his option.]

3[(2) A negotiable instrument may be made payable to two or more payees jointly, or it may be made payable in the alternative to one of two, or one or -some of several payees.]

14.

Negotiation.

14.Negotiation. When a promissory note, bill of exchange or cheque
is transferred to any person, so as to constitute that person the holder thereof, the instrument is said to be negotiated.

15.

Indorsement.

15. Indorsement. When the maker or holder of a negotiable instrument signs the same, otherwise than as such maker, for the purpose of negotiation, on the back or face thereof or on a slip of paper annexed thereto, or so signs for the same purpose a stamped paper intended

---
1 Subs. by Act 36 of 1957, s. 3 and Sch. II, for " a State".
2 Subs. by Act 8 of 1919, s. 3, for the original sub-section.
3 Ins. by Act 5 of 1914, s. 2.
---

15

to be completed as a negotiable instrument, he is said to indorse the same, -and is called the " indorser ".

16.

Indorsement in "blank" and "in full".

16.1[(1)] Indorsement in "blank" and "in full". If the indorser signs his name only, the indorsement is said to be " in blank," and if he adds a direction to pay the amount mentioned in the instrument to, or to the order of, a specified person, the indorsement is said to be " in full " ; and the person so specified is called the " indorsee " of the instrument.

1[(2) Indorsee. The provisions of this Act relating to a payee shall apply with the necessary modifications to an indorsee.]

17.

Ambiguous instruments.

17. Ambiguous instruments. Where an instrument may be construed either as a promissory note or bill of exchange, the holder may at his election treat it as either, and the instrument shall be thenceforward treated accordingly.

not thereby incur the responsibility of an indorser.

50.

Effect of indorsement.

50. Effect of indorsement. The indorsement of a negotiable instrument followed by delivery transfers to the indorsee the property therein with the right of further negotiation;but the indorsement may, by express words, restrict or exclude such right, or may merely constitute the indorsee an agent to indorse the instrument, or to reeive its contents for the indorser, or for some other specified person.

Illustrations

B signs the following indorsements on different negotiable instruments payable to bearer:-

(a) "Pay the contents to C only".

(b) "Pay C for my use."

(c) "Pay C or order for the account of B".

(d) "The within must be credited to C".

---

1 Subs. by Act 8 of 1919, s. 4, for "payable to the order of a specified person, or to a specified person or order,".

---

23

.lm10

These indorsements exclude the right of further negotiation by C.

(e) "Pay C."

(f) "Pay C value in account with the Oriental Bank."

(g) Pay the contents to C, being part of the consideration in a certain deed of assignment executed by C to the indorser and others."

These indorsements do not exclude the right of further negotiation by C.

51.

Who may negotiate.

51. Who may negotiate. Every sole maker, drawer, payees or indorsee, or all of several joint makers, drawers, payees or indorsees, of a negotiable instrument may, if the negotiability of such instrument has not been restricted or excluded as mentioned in section 50, indorse and negotiate the same.

Explanation.—Nothing in this section enables a maker or drawer to indorse or negotiate an instrument, unless he is in lawful possession or is holder thereof ; or enables a payee or indorsee to indorse or negotiate an instrument, unless he is holder thereof.

Illustration

A bill is drawn payable to A or order. A indorses it to B, the indoresement not containing the words " or order " or any equivalent words. B may negotiate the instrument.

52.

Indorser who excluds his own liability or makes it conditional.

52. Indorser who excluds his own liability or makes it conditional. The indorser of a negotiable instrument may, by express words in the indorsement, exclude his own liability thereon, or make such liability or the right of the indorsee to receive the amount due thereon depend upon the happening of a specified event, although such event may never happen.

Where an indorser so excludes his liability and afterwards becomes the holder of the instrument, all intermediate indorsers are liable to him.

Illustrations

(a) The indorser of a negotiable instrument signs his name, adding the words—" Without recourse."

Upon this indorsement he incurs no liability.

(b) A is the payee and holder of a negotiable instrument. Excluding personal liability by an indorsement " without recourse," he transfers the instrument to B, and B indorses it to C, who indorses it to A. A is not only reinstated in his former rights, but has the rights of an indorsee against B and C.

53.

Holder deriving title from holder in due course.

53. Holder deriving title from holder in due course. A holder of a negotiable instrument who derives title from a holder in due course has the rights thereon of that holder in due course.

24

54.

Instrument indorsed in blank.

54. Instrument indorsed in blank. Subject to the provisions hereinafter contained as to crossed cheques, a negotiable instrument indorsed in blank is payable to the bearer thereof even although originally payable to order.

55.

Conversion of indorsement in blank into indorsement in full.

55. Conversion of indorsement in blank into indorsement in full. If a negotiable instrument, after having been indorsed in blank, is indorsed in full, the amount of it cannot be claimed from the indorser in full, except by the person to whom it has been indorsed in full, or by one who derives title through such person.

56.

Indorsement for part of sum due.

56. Indorsement for part of sum due. No writing on a negotiable instrument is valid for the purpose of negotiation if such writing purports to transfer only a part of the amount appearing to be due on the instrument; but where such amount has been partly paid, a note to that effect may be indorsed on the instrument, which may then be negotiated for the balance.

57.

Legal re-presentative cannot by delivery only negotiate instrument indorsed
by deceased.

57. Legal re-presentative cannot by delivery only negotiate

protest thereof (if any). If such bill is dishonoured, the party dishonouring the same is liable to make compensation thereof in the same manner as in the case of the original bill.

CHAP

SPECIAL RULES OF EVIDENCE

## CHAPTER XIII

### SPECIAL RULES OF EVIDENCE

118.

Presumptions as to negotiable instruments-

118. Presumptions as to negotiable instruments- Until the contrary is proved, the following presumptions shall be made: -

(a) of consideragion; that every negotiable instrument was made or drawn for consideration, and that every such instrument, when it has been accepted, indorsed, negotiated or transferred, was accepted, indorsed, negotiated or transferred for consideration ;

(b) as to date; that every negotiable instrument bearing a date was made or drawn on such date ;

(c) as to time of acceptance; that every accepted bill of exchange was accepted within a reasonable time after its date and before its maturity ;

(d) as to time of transfer; that every transfer of a negotiable instrument was made before its maturity;

(e) as to order of indorsements; that the indorsements appearing upon a negotiable instrument were made in the order in which they appear thereon;

(f) as to stamp; that a lost promissory note, bill of exchange or cheque was duly stamped ;

(g) that holder is a holder in due course; that the holder of a negotiable instrument is a holder in due course:provided that, where the instrument has been obtained from its lawful

owner, or from any person in lawful custody thereof, by means of an SP offence or fraud. or has been obtained from the maker or acceptor thereof by means of an offence or fraud, or for unlawful consideration, the burthen of proving that the holder is a holder in due course lies upon him.

119.

Presumption on proof of protest.

119. Presumption on proof of protest. In a suit upon an instrument which has been dishonoured, the Court shall, on proof of the protest, presume the fact of is dishonour, unless and until such fact is disproved.

40

120.

Estoppel against denying original validity of instrument.

120. Estoppel against denying original validity of instrument. No maker of a promissory note, and no drawer of a bill of exchange or cheque, and no acceptor of a bill of exchange for the honour of the drawer shall, in a suit thereon by a holder in due course, be permitted to deny the validity of the instrument as originally made or drawn.

121.

Estoppel against denying capacity of payee to indorse.

121. Estoppel against denying capacity of payee to indorse. No maker of a promissory note and no acceptor of a bill of exchange 1[payable to order] shall, in a suit thereon by a holder in due course, be permitted to deny the payee's capacity, at the date of the note or bill, to indorse the same.

122.

Estoppel against denying signature or capacity of prior party.

122. Estoppel against denying signature or capacity of prior party. No indorser of a negotiable instrument shall, in a suit thereon by a subsequent holder, be permitted to deny the signature or capacity to contract of any prior party to the instrument.

132.

Set of bills.

132. Set of bills. Bills of exchange may be drawn in parts, each part being numbered and containing a provision that it shall continue payable only so long as the others remain unpaid. All the parts together make a set ; but the whole set constitutes only one bill, and is extinguished when one of the parts, if a separate bill, would be extinguished.

Exception.—When a person accepts or indorses different parts of the bill in favour of different persons, he and the subsequent indorsers of each part are liable on such part as if it were a separate bill.

133.

Holder of first acquired part entitled to all.

133. Holder of first acquired part entitled to all. As between holders in due course of different parts of the same set, he who first acquired title to his part is entitled to the other parts and the money represented by the bill.

CHAP

OF INTERNATIONAL LAW

## CHAPTER XVI

### OF INTERNATIONAL LAW

134.

Law governing liability of maker, acceptor or indorser of foreigninstrument.

134. Law governing liability of maker, acceptor or indorser of foreign instrument. In the absence of a contract to the contrary, the liability of the maker or drawer of a foreign promissory note, bill of exchange or cheque is regulated in all essential matters by the law of the place where he made the instrument, and the respective liabilities of the acceptor and indorser by the law of the place where the instrument is made payable.

Illustration

A bill of exchange was drawn by A in California, where the rate of interest is 25 per cent., and accepted by B, payable in Washington, where the rate of interest is 6 per cent. The bill is endorsed in 3[India], and is dishonoured. An action on the bill is brought against B in 3[India]. He is liable to pay interest at the rate of 6 per cent. only ; but if A is charged as drawer, A is liable to pay interest at the rate of 25 per cent.

---

1 Ins. by Act 18 of 1922, s. 2.

2 Ins. by Act 33 of 1947, s. 2.

3 Subs. by Act 3 of 1951, s. 3 and Sch., for "the States".

---

43

135.

Law of place of payment governs dishonour.

135. Law of place of payment governs dishonour. Where a promissory note, bill of exchange or cheque is made payable in a different place from that in which it is made or indorsed, the law of the place where it is made payable determines what constitutes dishonour and what notice of dishonour is sufficient.

Illustration

A bill of exchange drawn and indorsed in 1[India], but accepted payable in France, is dishonoured. The indorsee causes it to be protested for such dishonour, and gives notice thereof in accordance with the law of France, though not in accordance with the rules herein contained in respect of bills which are not foreign. The notice is sufficient.

136.

Instrument made, etc., out of India, but in accordance with the law of India.