# FOX HORAN & CAMERINI LLP

825 THIRD AVENUE
NEW YORK, NEW YORK 10022

DONALD T. FOX
JOHN R. HORAN
EZEQUIEL A. CAMERINI
WILLIAM M. BRODSKY
DAVID C. CAMERINI
PATRICK L. FERRIERE
STEVEN S. HONIGMAN
MICHAEL F. JOHNSTON
WILLIAM S. KOGAN
KATHLEEN M. KUNDAR
ERIC LINDQUIST
EDWARD C. MARSCHNER
JONATHAN MAZER
NORMAN J. RESNICOW
OLEG RIVKIN
V. DAVID RIVKIN
HAROLD ULLMAN
RAFAEL URQUIA II

May 30, 2007

ATTORNEYS AND COUNSELLORS
AT LAW

TELEPHONE:    (212) 480-4800
TELECOPIERS:  (212) 269-2383
              (212) 709-0248

www.foxhorancamerini.com

COUNSEL
RICHARD L. HUFFMAN





**By Hand**

Hon. Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1630
New York, NY 10007

      Re:    GEB Shipping Co., Ltd. v. Emmsons International Ltd.
                <u>Docket No. 06 Civ. 7649</u>

Dear Judge Griesa:

      We are counsel for the defendant, Emmsons International Inc., in the above matter. On April 19, 2007, defendant filed a Motion to Vacate the Ex-parte Order for Process of Maritime Attachment and Garnishment under Supplemental Rule (E)(4)(f) and to Dismiss the Complaint Pursuant to the Federal Rule of Civil Procedure 12(b) (the "Motion"). On May 16, 2007, this Court denied defendant's Motion after oral arguments and asked counsel to submit in writing his request for leave to file, pursuant to 28 U.S.C. § 1292(b), an interlocutory appeal of this Court's denial of the Motion.

      This motion presents the following two questions for interlocutory review: (1) whether an electronic funds transfer ("EFT") may constitute the property of a defendant subject to attachment under Supplemental Rule B; and (2) whether the proceeds of a negotiable instrument are attachable under Supplemental Rule B. In the particular procedural circumstances of this case, no further action will be taken on the plaintiff's complaint unless the plaintiff chooses to seek confirmation of its arbitral award. The plaintiff, therefore, can indefinitely avoid a final judgment and prevent the plaintiff from obtaining appellate review of the attachment order.

6/1/07
This case is mine (q. dge McMahon) but I had nothing to do with the original ruling and only Judge Griesa can decide whether to grant an interlocutory appeal.

(signature)

**MEMO ENDORSED**

Hon. Thomas P. Griesa
United States District Judge
May 30, 2007
Page 2

Section 1292(b) provides that a district court may certify an interlocutory order "if it finds that: (1) the order 'involves a controlling question of law,' (2) 'as to which there is substantial ground for difference of opinion,' and that (3) 'appeal from the order may materially advance the ultimate termination of the litigation.'" *Klein v. Vision Lab Telecom.*, Inc., 399 F.Supp.2d 528, 536 (S.D.N.Y. 2005) (*quoting* 28 U.S.C. § 1292(b)). The second prong, that there be a substantial ground for a difference of opinion, "may be met when '(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit.'" *Consub Delaware LLC v. Schahin Engenharia Limitada*, 476 F.Supp.2d 305, 309 (S.D.N.Y. 2007) (*quoting In re Lloyd's Am. Trust Funds Litig.*, 1997 WL 458739, at *5 (S.D.N.Y.)).

Currently pending in tandem before the Court of Appeals for the Second Circuit are two cases to determine the issue of whether EFTs constitute property of a defendant subject to Rule B attachment. *See Court of Appeals Docket No. 07-0833-cv.* In *Seamar Shipping*, the district court certified for appeal its decision holding that the EFT at issue was not the property of the defendant and vacating the attachment. *Seamar Shipping Corp. v. Kremikovtzi Trade Ltd.*, 461 F.Supp.2d 222 (S.D.N.Y. 2006). In *Consub Delaware*, the district court determined that an EFT is property subject to attachment under controlling Second Circuit law and upheld the attachment. *Consub Delaware LLC v. Schahin Engenharia Limitada,* 476 F.Supp.2d 305 (S.D.N.Y. 2007).

In certifying its decision for appeal, the court in *Consub Delaware* determined that the first and third prongs of the Section 1292(b) analysis are satisfied because the issue of whether an EFT is subject to Rule B attachment is a pure and controlling question of law that can be decided with minimal, if any, reference to the record; and an immediate appeal would advance the ultimate termination of the litigation, because, if the defendant prevails on appeal, the attachment will be vacated, which will result in the termination of the action. *Id.*

As for the second prong of the section 1292(b) analysis, the court noted:

There is certainly "substantial ground for a difference of opinion" as to the issue of whether EFTs are property subject to attachment because there are conflicting Second Circuit statements on this very issue. Indeed, the Second Circuit in *Aqua Stoli* essentially invited parties to challenge the underpinnings of its prior holding in *Winter Storm* when it stated that "[t]he correctness of our decision in *Winter Storm* seems open to question." . . . The only way that question could ever be raised would be on interlocutory appeal because under the current state of the law, district courts are bound to apply Winter Storm to attachments of EFTs. *Id.* (*quoting Aqua Stoli Shipping Ltd. v. Gardner Smith Pty, Ltd.*, 460 F.3d 434, 446 n.6 (2d Cir. 2006)). *Id.* at 313.

Hon. Thomas P. Griesa
United States District Judge
May 30, 2007
Page 3

In addition to the two cases discussed above, other district courts have certified decisions, not involving EFTs, denying motions to quash a Rule B attachment for appeal under Section 1292(b). *See Maritrans Operating Partners Ltd. Partnership v. M/V BALSA 37*, 64 F.3d 150 (4th Cir. 1995); *Trans-Asiatic Oil Ltd. S.A. v. Apex Oil Co.*, 743 F.2d 956, (1st Cir. 1984).

The second question in this case, whether the proceeds of a negotiable instrument are attachable under Supplemental Rule B, also meets the requirements for an interlocutory appeal. This issue involves a pure question of law that the reviewing court can decide quickly and without having to study the record. It is controlling in that if the district court's decision is reversed and the attachment is vacated, this action would be terminated. The issue is a complicated one of first impression for the Second Circuit, as there is no Second Circuit opinion on whether the proceeds of a negotiable instrument are attachable under federal law, much less whether they are attachable under Supplemental Rule B. And finally, an immediate appeal will materially advance the ultimate termination of the litigation, since, as stated previously, reversal of the decision and vacatur of the attachment will result in termination of this action.

For the foregoing reasons, defendant respectfully requests this Court to certify the above questions presented for interlocutory review.

Respectfully submitted,

_____
Eric Lindquist (EL4305)

cc:   Owen F. Duffy
      Chalos, O'Connor & Duffy LLP
      Attorneys for Plaintiff
      GEB Shipping Co. Ltd.
      366 Main Street
      Port Washington, NY 11050
      Fax (516) 767-3605