# FOX HORAN & CAMERINI LLP

825 THIRD AVENUE
NEW YORK, NEW YORK 10022

DONALD T. FOX
JOHN R. HORAN
EZEQUIEL A. CAMERINI
WILLIAM M. BRODSKY
DAVID C. CAMERINI
PATRICK L. FERRIERE
STEVEN S. HONIGMAN
MICHAEL F. JOHNSTON
WILLIAM S. KOGAN
KATHLEEN M. KUNDAR
ERIC LINDQUIST
EDWARD C. MARSCHNER
JONATHAN MAZER
NORMAN J. RESNICOW
OLEG RIVKIN
V. DAVID RIVKIN
HAROLD ULLMAN
RAFAEL URQUIA II

ATTORNEYS AND COUNSELLORS
AT LAW

TELEPHONE:    (212) 480-4800
TELECOPIERS:  (212) 269-2383
              (212) 709-0248

www.foxhorancamerini.com

COUNSEL
RICHARD L. HUFFMAN

June 14, 2007

Hon. Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1630
New York, NY 10007

    Re:    GEB Shipping Co., Ltd. v. Emmsons International Ltd.
            Docket No. 06 Civ. 7649

Dear Judge Griesa:

    We are writing this letter in reply to the Plaintiff's letter brief, dated June 5, 2007, in response to the Defendant's request for leave to file an interlocutory appeal of this Court's denial of the Motion.

    In Plaintiff's discussion of the second prong of the standard of appeal, that there is a substantial ground for difference of opinion, Plaintiff contends that "the holdings of the Second Circuit are clearly that they [the proceeds of an EFT] may be attached pursuant to [Rule B]." *See Plaintiff's Letter Brief*, at 4. And that "it is incorrect to say that the attachability of EFTs is an open question." *Id.* This contention ignores the fact that, since the decision in *Aqua Stoli* in July, 2006, at least four other courts in the Southern District have determined that this is an open question and have certified an interlocutory appeal on this issue. The Court of Appeals has agreed to hear three of those cases (the fourth case, *Navalmar, infra*, was certified only on May 14, 2007 and does not seem to have been added to the Court of Appeals docket).

    Two of these cases are pending and will be heard in tandem before the Court of Appeals. *See Consub Delaware LLC v. Schahin Engenharia* and *Seamar Shipping Corp. V. Kremikovtzi Trade Ltd.*, Court of Appeals Docket No. 07-0833, filed April 20, 2007. In addition, attached as Exhibit "A," is an order filed on May 14, 2007 by the court in a

third case, *Navalmar*, certifying for appeal that court's decision to uphold the attachment of an EFT. *See Order Granting Motion to Certify for Interlocutory Appeal Pursuant to 28 U.S.C. Section 1292(b), Navalmar (U.K.) Ltd., v. Welspun Gujarat Stahl Rohrem Ltd.*, 1:07-cv-00372-AKH. And finally, this same issue was recently pending before the Court of Appeals in the case of *Vamvaship* but was withdrawn pursuant to a stipulation of settlement of the parties. *Vamvaship Mar. Ltd. v. Shivnath Rai Harnarain (India) Ltd.*, Court of Appeals Docket No. 06-2121-cv, filed May 2, 2006.

According to the court in *Navalmar*, one of the reasons for certifying its decision for appeal is that, "those who litigate maritime claims in this Circuit will benefit, should the Court of Appeals for the Second Circuit accept jurisdiction, from a clarification of the law governing issues raised by the parties in this action." *Navalmar Order*, at 2.

And, in certifying its decision upholding an attachment for appeal, the court in *Consub Delaware* stated, "[t]here is certainly 'substantial ground for a difference of opinion' as to the issue of whether EFTs are property subject to attachment because there are conflicting Second Circuit statements on this very issue." *Consub Delaware LLC v. Schahin Engenharia Limitada,* 476 F.Supp.2d 305, 313 (S.D.N.Y. 2007).

In addition, contrary to the Plaintiff's inclusion of *Dolco Investments* in a line of cases upholding the attachability of the proceeds of an EFT pursuant to Rule B, the court in *Dolco Investments* vacated the attachment at issue in that case. *Dolco Investments, Ltd. v. Moonriver Development, Ltd.*, 2007 WL 1237997, *6 (S.D.N.Y.). In its discussion of the issue of whether an EFT is attachable as property of the defendant beneficiary, the court characterized the case law in the Second Circuit as "split." *Id.* at *7. (noting that "[t]his split is of no moment in the instant case, however, as each of those decisions addresses the issue of when an EFT becomes attachable as an asset of the beneficiary.")

In the Plaintiff's discussion of the third prong of the standard for appeal, that an appeal from an order may materially advance the ultimate termination of litigation, the Plaintiff suggests that even if the attachment is vacated on appeal "[t]he underlying action [for the confirmation of an arbitration award] could continue." *Plaintiff's Letter Brief*, at 3. It is uncontested, however that personal jurisdiction over the Defendant here is predicated entirely on its attachable interest in property located in the Southern District; if the attachment is vacated, the case will be dismissed for lack of personal jurisdiction. In any case, the Plaintiff is not pursuing the confirmation of the arbitration award in the Southern District of New York but in India. In the Joint Summary of Proceedings, attached as Exhibit "B," the Plaintiff notes that the "attached funds are being held as security for the Plaintiff's underlying claim while the Plaintiff pursues confirmation of the underlying arbitration award against the Defendant in India, where the Defendant is located." In addition, at the hearing on May 16, the Plaintiff represented that it was only seeking the attachment in order to gain security for the confirmation in India. *See Transcript*, Page 36:5-16, attached as Exhibit "C".

Hon. Thomas P. Griesa
June 14, 2007
Page 3

     With regard to the second question for appeal, a clean of issue of law is presented: Under New York commercial law, do the proceeds of a negotiable bill of exchange constitute "tangible or intangible personal property" of the bill's issuer after the bill has been negotiated? There is no question here that the attached transfer constituted the proceeds of a bill of exchange, which, as the Demonstrated, is a negotiable instrument. *See Defendant's Motion to Dismiss*, Exhibit 5, Opinion of Avadh Behari Rohatgi; *see also* U.C.C. § 3-104. The Plaintiff's effort to convert this question into a contested issue of fact is unavailing. Moreover, the black letter law of New York is clear that the proceeds of negotiable instruments cannot be attached separately from the instrument itself, as such a practice would present the risk of competing attachments in different jurisdictions. N.Y. CPLR § 5201(c)(4) ("Where property or a debt is evidenced by a negotiable instrument for the payment of money, . . . , the instrument, document or certificate shall be treated as property capable of delivery and the person holding it shall be the garnishee."); *Koehler v. Bank of Bermuda Ltd.*, 2005 WL 551115 (S.D.N.Y. 2005) (under New York law, stock certificates must be located within the state in order to be attached); *see also, Creditor Process Against Negotiable Notes: The Case For a New UCC S 3-420*, 24 Wm. & Mary L. Rev. 503, 520–521 (1978) (citing to New York's statute, N.Y. CPLR § 5201, as one of the states treating negotiable notes as tangible personal property).

     For the foregoing reasons, Defendant respectfully requests this Court to certify the above questions presented for interlocutory review.

                            Respectfully submitted,

                            Eric Lindquist (EL4305)

cc:    Owen F. Duffy
        Chalos, O'Connor & Duffy LLP
        Attorneys for Plaintiff
        GEB Shipping Co. Ltd.
        366 Main Street
        Port Washington, NY 11050
        Fax (516) 767-3605

# EXHIBIT A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/14/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

NAVALMAR (U.K.) LTD.,

                      Plaintiff,

-against-

WELSPUN GUJARAT STAHL ROHREN, LTD.,

                      Defendant.

------------------------------------------------------------ x

**ORDER GRANTING MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

07 Civ. 372 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      On January 17, 2007, Plaintiff Navalmar (U.K.) Ltd. ("Navalmar") filed a complaint in this court against defendant Welspun Gujarat Stahl Rohren, Ltd. ("WGSR") and moved immediately and ex parte, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, Fed. R. Civ. P. to attach and garnish the property of the defendant in this district. I granted the motion and issued an order of attachment.

      On February 7, 2007, WGSR moved to vacate the attachment, pursuant to Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, Fed. R. Civ. P. By opinion and order of April 24, 2007, I denied Defendant's motion to vacate. See Navalmar (U.K.) Ltd. v. Welspun Gujarat Stahl Rohren Ltd., No. 07 Civ. 372, __ F. Supp. 2d __, 2007 U.S. Dist. LEXIS 29789, 2007 WL 1200067 (S.D.N.Y. 2007). At a status conference before me on May 11, 2007, Defendant requested an order certifying my order of April 24, 2007 for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiff opposed the request. For the reasons that follow, Defendant's request is granted, and I hereby certify my order denying Defendant's motion to vacate for interlocutory appeal.

      As described in the opinion and order of April 24, 2007, Plaintiff Navalmar brought this action against WGSR pursuant to 9 U.S.C. § 8, in aid of Navalmar's claims against

1

WGSR in a London arbitration. The parties continue to litigate the merits of their claims in London, and in Aden, Yemen, not in this Court. Indeed, nothing remains to litigate in this Court with respect to this case. Thus an interlocutory appeal of this case implicates none of the concerns typically associated with interlocutory appeals—that it would "prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions." In re World Trade Ctr. Disaster Site Litig., 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007) (citing Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996)). In addition, those who litigate maritime claims in this Circuit will benefit, should the Court of Appeals for the Second Circuit accept jurisdiction, from a clarification of the law governing the issues raised by the parties in this action.

The parties shall submit a joint letter to the Court every 90 days after the date of this Order, providing an update on the status of this case and its related proceedings, including the proceedings in London and Aden, and the status of any appeals.

SO ORDERED.

Dated:   May __13__, 2007
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2

**EXHIBIT B**

CHALOS, O'CONNOR & DUFFY LLP
Attorneys for Plaintiff,
GEB SHIPPING CO. LTD
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GEB SHIPPING CO. LTD.,                    :
                                          :
                          Plaintiff,      :
        v.                                :     06 CV 7649(RCC)
                                          :
EMMSONS INTERNATIONAL LTD.,               :
                                          :
                          Defendant.      :
------------------------------------------------------------x

## JOINT SUMMARY OF THE PROCEEDINGS

This Joint Summary of the Proceedings is being submitted by the Plaintiff and the Defendant pursuant to the Order of Hon. Kimba M. Wood, U.S.D.J. dated May 16, 2007, Docket Entry #21. That Order, brought on by the passing of Judge Richard Conway Casey on March 22, 2007, requires the parties to jointly submit a bare statement of the case with any relevant procedural history. This Joint Summary will be provided to the new judge upon reassignment of the case.

This action was instituted with the filing of a Verified Complaint by the Plaintiff, GEB Shipping Co., Ltd., on September 22, 2006, predicated on this Court's maritime jurisdiction, alleging a maritime cause of action against the Defendant, Emmsons International Ltd., together with prayer for issuance of a Process of Maritime Attachment

and Garnishment in accordance with Supplemental Admiralty Rule B. The Complaint recounted an arbitration award that had been granted in Plaintiff's favor against the Defendant in London in connection with a claim for breach of a charter party. The Complaint requested an Order for the Issuance of a Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. An Order for Issuance of the Process of Maritime Attachment and Garnishment was signed by Judge Richard C. Casey, and Process of Maritime Attachment and Garnishment was issued by the Clerk of the Court of the Southern District of New York on September 22, 2006.

Pursuant to the Process of Maritime Attachment and Garnishment, garnishee Standard Chartered Bank restrained a wire transfer on November 3, 3006 for $274,000.00 and restrained $91,427.17 of a separated wire transfer on November 20, 2007 for $200,000.00. *See*, Answer of Garnishee Standard Chartered Bank in Response to Maritime Attachment and Garnishment dated November 22, 2006 (Docket Entry #6). The total amount restrained by Garnishee Standard Chartered Bank pursuant to the Process of Maritime Attachment and Garnishment is $365,427.17 and, therefore, the Process of Maritime Attachment and Garnishment is satisfied.

The Defendant filed an Answer to the Complaint on December 7, 2006. On December 8, 2006, Judge Casey filed a Civil Case Management Plan. See Docket Entry #9. Nothing from that plan remains outstanding.

On March 7, 2007, Defendant filed a Motion requesting an order pursuant to Rule 12(b)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the Complaint and requesting an order vacating the Order for Issuance of the Process of

Maritime Attachment and Garnishment pursuant to Rules B(1) and E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims. The motion was still being briefed in accordance with the timetable set forth by Judge Casey when Judge Casey passed away on March 22, 2007.

In any event, the motion was fully briefed, and the motion was heard by Hon. Thomas P. Griesa, U.S.D.J. as the Part I Judge. Oral argument upon the motion was heard by Judge Griesa on May 3, 2007 and further on May 16, 2007.

On May 16, 2007, Judge Griesa denied the Defendant's motion stating, "The motion to vacate the attachment and dismiss the complaint is denied." *See*, Transcript of Proceeding before Judge Greisa, May 16, 2007, page 33, lines 13-14.

At this time, the attached funds are being held as security for the Plaintiff's underlying claim while the Plaintiff pursues confirmation of the underlying arbitration award against the Defendant in India, where the Defendant is located. Meanwhile, this Court retains jurisdiction over this case in accordance with the principles and practices of federal admiralty law pending further proceedings in this court or the resolution of the dispute between the Plaintiff and Defendant by settlement and/or judgment.

Dated:  Port Washington, New York
        May __, 2007

                                CHALOS, O'CONNOR & DUFFY LLP
                                Attorneys for Plaintiff,
                                GEB SHIPPING CO., LTD.


                        By:     _____
                                Owen F. Duffy (OD-3144)
                                366 Main Street
                                Port Washington, New York 11050

                            Tel:    516-767-3600
                            Telefax: 516-767-3605

Dated: New York, New York
          May __, 2007

                          FOX HORAN & CAMERINI LLP
                          Attorneys for Defendant,
                          Emmsons International Ltd.,

By: _____
      Eric Lindquist (EL-4305)
      825 Third Avenue
      New York, New York 10022
      Tel:    212-480-4800

**EXHIBIT C**

36

75grgebm

1  final confirmation of the award in India or whatever
2  jurisdiction they approve.
3           MR. LINDQUIST:  That's the problem, your Honor.
4           THE COURT:  You're seeking the attachment as security.
5           MR. DUFFY:  Security, your Honor, yes.
6           THE COURT:  What is the amount you're seeking in the
7  arbitration?
8           MR. DUFFY:  Now the claim is up a little bit over
9  380,000 with interest.  We have 352,000 attached here in New
10 York.
11          THE COURT:  You would seek to simply have that held in
12 some appropriate form as security pending the outcome of the
13 proceeding in India.
14          MR. DUFFY:  Correct, your Honor.  Then at that time,
15 subject to agreement, we would say if the award is confirmed,
16 pay it to GEB Shipping; if it's vacated --
17          THE COURT:  If I did not certify it for appeal, when
18 would the time come, in your view, when there could be an
19 appeal?
20          MR. DUFFY:  I think the way the case law stands now,
21 your Honor, is that the time for an appeal wouldn't be until
22 the case is completely over, until the money is being paid out
23 or something like that.  There have been a few new cases on it.
24 I'm not entirely up on it.
25          I know that I run into the same situation where they